Christopher W. Sweeney (Bar No. 143217)
LAW OFFICES OF CHRISTOPHER W. SWEENEY
1300 Oliver Road, Suite 300
Fairfield, CA  94534
Telephone: (707) 435-1244
Facsimile: (707) 435-1245
cwslaw@comcast.net

Attorneys for Plaintiff
KEEZIO GROUP LLC

MILLER NASH LLP
Nicole M. McLaughlin, Bar No. 272019
nicole.mclaughlin@millernash.com
340 Golden Shore, Suite 450
Long Beach, CA 90802
Telephone: (562) 435-8002
Facsimile: (562) 435-7967

William A. McKenna, State Bar No. 25702-53
wmckenna@uspatent.com
WOODARD, EMHARDT, HENRY,
REEVES & WAGNER, LLP
111 Monument Circle, Suite 3700
Indianapolis, IN 46204
Telephone: (317) 634-3456
Facsimile: (317) 637-7561

Attorneys for Plaintiff
SLUMBERPOD, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEEZIO GROUP, LLC, a California limited liability company<br><br>Plaintiff,<br><br>v.<br><br>SLUMBERPOD, LLC, a Delaware limited liability company<br><br>Defendant. | Case No.  23-cv-06288-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Case Assigned to Honorable James Donato<br><br>Complaint Filed: December 25, 2023<br>Trial Date: No Trial Date Set |

**Law Offices of Christopher W. Sweeney**
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244  Fax: (707) 435-1245

- 1 -
**JOINT CASE MANAGEMENT STATEMENT**
**23-cv-06288-JD**

Law Offices of Christopher W. Sweeney
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244  Fax: (707) 435-1245

### *REQUEST FOR WAIVER OF RULE 16 SCHEDULING CONFERENCE*

The parties agree on all matters contained in the discovery play and request that the Court cancel the Rule 16 scheduling conference, adopt the parties plan, and provide the parties with dates for the final pretrial conference, trial date, and any other deadlines or hearings not contained in the discovery plan.

Pursuant to Local Rule of Court 16-9 and the STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA OF JOINT CASE MANAGEMENT STATEMENT, Plaintiff KEEZIO GROUP LLC, (hereinafter "Plaintiff" or "KEEZIO"), and SLUMBERPOD, LLC (hereinafter "Defendant" or "SLUMBERPOD"), by and through their undersigned counsel, respectfully submit the parties' Joint Case Management Statement as follows:

1.    Jurisdiction and Service:  The Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121, 35 U.S.C. § 281 and 28 U.S.C. §§ 1331, 1332 and 1338(a).  No issues exist with regard to person jurisdiction or venue, and to counsels' present knowledge no parties remain to be served.

2.    Facts:

(a)    Plaintiff's Allegations.  Plaintiff KEEZIO markets, distributes, and sells its line of products, most notably, its "hiccapop" line of children's products throughout the United States, including the San Francisco Bay Area, primarily on the Amazon online retail sales platform.  KEEZIO markets its brands as "Amazon-Exclusive" brands because its core management team has a long and valued relationship with Amazon spanning nearly 20 years. KEEZIO strategically utilizes the Amazon platform as the primary sales outlet for its products due to the simplicity and ease of use of the platform for its customers.  One product in KEEZIO's hiccapop line is an anytime-anywhere blackout tent, that fits over most playards, inflatable toddler beds, toddler cots and mini cribs, known as the "Hiccapop DayDreamer Blackout Tent for Pack 'n Play" ("DayDreamer"), which was designed and manufactured over

**Law Offices of Christopher W. Sweeney**
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244  Fax: (707) 435-1245

a two-year process and recently released on the Amazon platform in November 2023. Defendant SLUMBERPOD markets a line of products, including infant sleep systems, on the Amazon platform and through prominent retailers, including Target stores, throughout California and within this District, including a "Portable Sleep Pod Baby Blackout Canopy Crib Cover" that is similar to Plaintiff's DayDreamer. Defendant alleges that it owns a U.S. patent associated with its canopy crib cover product - U.S. Patent 11,617,450 entitled "Crib Accessory" (hereinafter "the '450 Patent").

Plaintiff contends that on or prior to November 27, 2023, purposefully and with the specific intention of maligning KEEZIO's products (including the DayDreamer), tradename and business reputation, and in connection with promoting its products to Amazon, SLUMBERPOD filed a malicious and knowingly false complaint with Amazon alleging that KEEZIO's DayDreamer product infringed upon the '450 Patent owned or controlled by SLUMBERPOD. As a direct and proximate result of SLUMBERPOD's malicious and knowingly false infringement complaint, Amazon immediately and without any communication or advance notice to KEEZIO, suspended KEEZIO's rights to market and sell its DayDreamer product and removed the product from the Amazon online retail sales platform, resulting in substantial injury to KEEZIO's brand, tradename, and long-established business relationship, as well as pecuniary loss attributable to lost sales of its products.

(b)　Defendant's Allegations. Defendant SLUMBERPOD was founded by a mother and daughter who sought a better way for their children/grandchildren to sleep when visiting for the holidays and sharing a room. They decided there was a need for a private, dark and safe place for a child to sleep. The result was the Slumberpod® line of portable infant sleep systems. Following their introduction in 2016, SLUMBERPOD's products quickly caught on with parents. Soon thereafter, SLUMBERPOD's products were being used all over, and were a best seller on Amazon. All of this early success led SLUMBERPOD to being featured on

- 3 -
**JOINT CASE MANAGEMENT STATEMENT**
**23-cv-06288-JD**

**Law Offices of Christopher W. Sweeney**
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244  Fax: (707) 435-1245

Season 11, Episode 10 of ABC's Shark Tank show in January of 2020.  Today, SLUMBERPOD products are available from many prominent retailers including Amazon and Target.

SLUMBERPOD prides itself on the unique nature of its products and the many advantageous benefits they provide.  For example, SLUMBERPOD's products are easily packable, provide an excellent sleeping environment for infants, and are trusted by parents as they are extremely safe.  In recognition of the uniqueness of SLUMBERPOD's products, the United States Patent and Trademark Office awarded SLUMBERPOD with, among others, the '450 Patent.

As frequently occurs with products which appear on Shark Tank, knock-off products of SLUMBERPOD's products began to appear.  To combat these infringing products, SLUMBERPOD enrolled in Amazon's Patent Evaluation Express (APEX) program.  After several rounds of successful complaints, Amazon elevated SLUMBERPOD within the APEX program and began removing infringing items within 24-38 hours of SLUMBERPOD's notice.

When SLUMBERPOD learned of KEEZIO'S DayDreamer product it reviewed the product and determined that it infringed the '450 Patent.  In addition, SLUMBERPOD identified advertising for the DayDreamer product put out by KEEZIO which illegally included the Slumberpod® mark.  In response to SLUBERPOD's APEX complaint, Amazon removed the DayDreamer product.

Shortly after the DayDreamer's removal from Amazon, counsel for KEEZIO demanded a retraction of the infringement complaint to Amazon and a response within a matter of a few hours.  It was not until after the deadline stated in counsel for KEEZIO's demand had expired that such demand was even considered by SLUMBERPOD.  This lawsuit filed by KEEZIO

**Law Offices of Christopher W. Sweeney**
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244   Fax: (707) 435-1245

was the result.

SLUMBERPOD seeks damages for infringement of the '450 Patent and its Slumberpod® mark by KEEZIO as well as unfair competition through KEEZIO's sales of the DayDreamer product.

3.      Legal Issues:

(a)      Plaintiff's Allegations.  Plaintiff contends that (i) Defendant is liable for purposefully and with the specific intention of maligning KEEZIO's products (including the DayDreamer), tradename and business reputation, and in connection with promoting its products to Amazon, filing a malicious and knowingly false complaint with Amazon alleging that KEEZIO's DayDreamer product infringed upon the '450 Patent owned or controlled by SLUMBERPOD; (ii) Plaintiff is entitled to injunctive and declaratory relief to enjoin and prohibit such wrongful conduct by Defendant; and (iii) Plaintiff has suffered substantial injury to KEEZIO's brand, tradename, and long-established business relationship, as well as pecuniary loss attributable to lost sales of its products.

Plaintiff contends that Defendant's conduct above described (i) violated § 43(a) of the Lanham Act – 15 U.S.C. § 1125(a); (ii) constituted trade libel under California common law; (iii) constituted intentional interference with Plaintiff's contractual relations and prospective economic advantage under California common law; (iv) constituted unfair competition under California Business and Professions Code § 17200 et seq; and (v) resulted in the unjust enrichment of Defendant under California common law.  Plaintiff further contends that (vi) its DayDreamer product does not infringe upon the '450 Patent owned by Defendant for the reasons set forth in the Non-Infringement Opinion of its legal counsel attached as Exhibit "A" to Plaintiff's complaint in the action; and (vii) that the '450 Patent is invalid under, inter alia, 35 U.S.C. § 101, 102, 103 and/or 112.

//

**Law Offices of Christopher W. Sweeney**
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244   Fax: (707) 435-1245

(b)    Defendant's Allegations.  Defendant contends that (i) Plaintiff is liable for infringement of the '450 Patent through the sale of its DayDreamer products; (ii) infringement of U.S. Reg. No. 5,351,787 for the mark Slumberpod® through the promotion, marketing and sale of its DayDreamer products; and (iii) unfair competition through the use of the "Slumberpod" mark and name in the promotion, marketing and sale of its DayDreamer products.  Defendant seeks injunctive relief and damages resulting from Plaintiff's wrongful acts.

4.    Motions:  Neither Plaintiff nor Defendant has filed any motions to date and does not presently anticipate any future motions.  Each Party reserves the right to file any necessary and appropriate motions as the case progresses.

5.    Amendment of Pleadings:  Plaintiff anticipates the potential necessity for amendment of its pleadings (i.e. its Complaint and Answer and Affirmative Defenses to Counterclaims) after receipt and analysis of (a) Defendant's Disclosure of Asserted Claims and Infringement Contentions pursuant to Patent Local Rule 3.1 and (b) Defendant's Document Production Accompanying Disclosure pursuant to Patent Local Rule 3.2.  Defendant does not presently intend to amend its pleadings at this time.

6.    Evidence Preservation:  Counsel for the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f), and will continue to meet and confer regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7.    Disclosures:  The parties intend to serve initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1), which shall include the name and, if known, the address and telephone number of each individual likely to have discoverable information— along with the subjects of that information—that the disclosing party may use to support its claim or defenses in this action.

8. Discovery: No discovery has been undertaken to date by the parties. The parties do not request or presently anticipate the need for any limitations or modifications of the discovery rules under the Federal Rules of Civil Procedure. The parties anticipate entering into the Court's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets incorporating the terms of the Court's Stipulated Protective Order for Standard Litigation. The parties have considered and do not presently anticipate entering into a stipulated e-discovery order.

9. Estimated Damages Range: At present, Defendant anticipates the potential damages in this case are estimated to be below $100,000. Defendant further anticipates that this amount may or may not increase depending upon whether Plaintiff continued to make ongoing sales of the allegedly infringing product during the pendency of this case and their scale.

PROPOSED DISCOVERY PLAN:

A. Rule 26 Disclosures: The parties do not request any changes to the timing, form or requirements of Federal Rules of Procedure, Rule 26(a).

B. Scope of Discovery; Schedule: The subjects of discovery will include communications between the parties and Amazon; communications between the parties; Plaintiff's internal communications regarding the '450 Patent; Defendant's internal communications regarding Plaintiff and its product(s); Defendant's infringement complaint to Amazon regarding Plaintiff's product; Amazon's rules and policies; product information pertaining to Plaintiff's DayDreamer product; product information pertaining to Defendant's canopy crib cover product; the validity of Defendant's '450 Patent; and Defendant's Patent Infringement Claim in its Answer to Complaint.

C. Discovery Schedule: See Section 17 Below.

D. Discovery Limitations: The parties do not request or presently anticipate the need for any changes on the limitations imposed on discovery under the Federal Rules of

Law Offices of Christopher W. Sweeney
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244  Fax: (707) 435-1245

**Law Offices of Christopher W. Sweeney**
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244  Fax: (707) 435-1245

Civil Procedure.

9.   Class Actions:  This case is not a class action.

10.   Related Cases:  There are no related cases.

11.   Relief:

(a)   Plaintiff's Allegations.  Plaintiff contends that (i) Defendant is liable for purposefully and with the specific intention of maligning KEEZIO's products (including the DayDreamer), tradename and business reputation, and in connection with promoting its products to Amazon, filing a malicious and knowingly false complaint with Amazon alleging that KEEZIO's DayDreamer product infringed upon the '450 Patent owned or controlled by SLUMBERPOD; (ii) Plaintiff is entitled to injunctive and declaratory relief to enjoin and prohibit such wrongful conduct by Defendant; and (iii) Plaintiff has suffered substantial injury to KEEZIO's brand, tradename, and long-established business relationship, as well as pecuniary loss attributable to lost sales of its products.   Plaintiff presently anticipates that its damages are estimated to be in excess of $75,000.  Plaintiff reserves the right to amend its damage allegations to allege the total amount of damages as discovery proceeds.

Plaintiff further seeks injunctive and declaratory relief establishing that its DayDreamer product does not infringe upon the '450 Patent owned by Defendant for the reasons set forth in the Non-Infringement Opinion of its legal counsel attached as Exhibit "A" to Plaintiff's complaint in the action, and that the '450 Patent is invalid under, inter alia, 35 U.S.C. § 101, 102, 103 and/or 112.

(b)   Defendant's Allegations.  Defendant contends that Plaintiff is liable for infringement of the '450 Patent and seeks damages of no less than a reasonable royalty, and up to SLUMBERPOD's lost profits, together with enhancement for willful infringement.  In addition, contends that Plaintiff is liable for trademark infringement and unfair competition and a disgorgement of profits, actual damages or a reasonable royalty, together with enhancement as an exceptional case.  Defendant further seeks injunctive relief against further

- 8 -
**JOINT CASE MANAGEMENT STATEMENT**
**23-cv-06288-JD**

Law Offices of Christopher W. Sweeney
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244  Fax: (707) 435-1245

acts of infringement of the '450 Patent and the Slumberpod® mark by Plaintiff.

12.    Settlement and ADR:  Pursuant to ADR Local Rule 3-5, the parties have met and conferred regarding ADR and have filed their respective ADR certifications.  Plaintiff is amendable to a settlement conference before a Magistrate Judge and private mediation.  Defendant is  amenable to a settlement conference before a Magistrate Judge.

13.    Consent to Magistrate Judge for all Purposes:  Defendant has declined to consent to proceeding before a Magistrate Judge for all Purposes, which resulted in the reassignment of the case to the present Judge.

14.    Other References:  The parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues.  The parties do not presently believe that it is possible to narrow the issues at this time.  The parties will meet and confer regarding narrowing of issues and proposed stipulations of facts as the case proceeds.

16.    Expedited Trial Procedure:  The parties do not believe that this case is appropriate to be handled under the Expedited Trial Procedure of General Order 64.

17.    Scheduling:  The parties propose the following discovery schedule (subject to potential adjustment based upon the timing of the Court's claim construction order):

1.    Trial: September 9, 2025

2.    Pretrial Conference: August 22, 2025

3.    Last Day to hear motion to amend/Add Parties: July 1, 2025

4.    Non-Expert Discovery Cut-Off: June 31, 2025

5.    Expert Disclosure (Initial): March 15, 2025

6.    Expert Disclosure (Rebuttal) April 15, 2025

7.    Expert Discovery Cut-Off: July 31, 2025

8.    Last Date to Hear Motions: August 15, 2025

9.    Last Date to Conduct Settlement Conference: June 28, 2025.

- 9 -
**JOINT CASE MANAGEMENT STATEMENT**
**23-cv-06288-JD**

**Law Offices of Christopher W. Sweeney**
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244   Fax: (707) 435-1245

*Patent Specific Dates:*

1.  Defendant to Make (a) its Infringement and Asserted Claims Disclosures pursuant to, and containing the information specified in Patent L.R. 3-1, and (b) its Document Production Accompanying Disclosure pursuant to Patent L.R. 3.2: March 21, 2024

2.  Plaintiff to Make (a) its Invalidity Contention Disclosures pursuant to, and containing the information specified in Patent L.R. 3-3, and (b) its Document Production Accompanying Invalidity Contentions pursuant to Patent L.R. 3.4: May 6, 2024

3.  Parties to exchange Proposed Terms for Construction pursuant to Patent L. R. 4-1: May 20, 2024

4.  Parties to exchange Proposed Constructions and Evidence pursuant to Patent L.R. 4-2: June 10, 2024

5.  Defendant to Make Damage Contentions of Patent L.R. 3-8: June 25, 2024

6.  Parties to file Joint Claim Construction Statement pursuant to Patent L.R. 4-3: July 5, 2024

7.  Plaintiff to Make Damages Contentions of Patent L.R. 3-9: July 25, 2024

8.  Cut-Off for Claim Construction Discovery: August 5, 2024

9.  Defendant's Opening Claim Construction Brief: August 19, 2024

10. Plaintiff's Claim Construction Response Brief: September 9, 2024 *(extended one extra week due to Labor Day)*

11. Defendant's Reply Claim Construction Reply Brief: September 16, 2024

12. Parties to have Damages Contentions Meeting of Patent L.R. 3-10: September 23, 2024.

13. Anticipated Claim Construction Hearing: October-November 2024.

- 10 -
**JOINT CASE MANAGEMENT STATEMENT**
**23-cv-06288-JD**

**Law Offices of Christopher W. Sweeney**
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244  Fax: (707) 435-1245

18.    Trial:  Plaintiff has requested a trial by jury, which Plaintiff estimates will take 7 to 10 days.  Defendant has also requested a trial by jury, but Defendant estimates a trial will only take 5 days.

19.    Claim Construction Hearing:  The parties propose that the claim construction hearing proceed on a term-by-term basis with each party having an opportunity to be heard on each term before proceeding to the next.  The parties will attempt to agree upon an order of presentation for the terms as part of their submission of the joint claim construction statement.  The parties shall alternate going first and second on the presentation of the terms.  Live testimony is not anticipated, but the parties may subsequently request it if issues warranting it are identified.  The claim construction hearing is anticipated to last between two and three hours.

20.    Disclosure of Non-party Interested Entities or Persons:  The parties have filed their respective "Certification of Interested Entities or Persons."

21.    Professional Conduct: Each party's counsel has reviewed the Guidelines for Professional Conduct for the Northern District of California.

22.    Other Matters:  The parties are not presently aware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.  The parties will continue to meet and confer regarding such matters as the case proceeds.

//

//

//

//

//

//

//

//

- 11 -
**JOINT CASE MANAGEMENT STATEMENT**
**23-cv-06288-JD**

Dated: February 28, 2024          LAW OFFICES
                                  OF CHRISTOPHER W. SWEENEY


                                  By: __*/s/ Christopher W. Sweeney*__
                                       Christopher W. Sweeney
                                       Attorney for Plaintiff
                                       KEEZIO GROUP LLC


Dated: February 28, 2024          MILLER NASH LLP


                                  By: __*/s/ Daniel J. Oates*__
                                       Daniel J. Oates
                                       Nicole M. McLaughlin
                                       Attorneys for Defendant
                                       SLUMBERPOD, LLC


Dated: February 28, 2024          WOODARD, EMHARDT, HENRY,
                                  REEVES & WAGNER, LLP


                                  By: __*/s/ William A. McKenna*__
                                       William A. McKenna
                                       Attorney for Defendant
                                       SLUMBERPOD, LLC

**Law Offices of Christopher W. Sweeney**
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244  Fax: (707) 435-1245

- 12 -
**JOINT CASE MANAGEMENT STATEMENT**
**23-cv-06288-JD**

**ATTESTATION**

I, Christopher W. Sweeney, am the ECF user whose user ID and password are being utilized in the electronic filing of this document.  In compliance with Local Rule of Court 5-1(i)(3), I hereby attest that each of the other signatories have concurred in the filing of the document.

Dated:  February 28, 2024                              */s/ Christopher W. Sweeney*

**Law Offices of Christopher W. Sweeney**
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244  Fax: (707) 435-1245

- 13 -
**JOINT CASE MANAGEMENT STATEMENT**
**23-cv-06288-JD**