Dana J. Finberg (SBN 257459)
O'HAGAN MEYER, PLLC
One Embarcadero Center, Suite 2100
San Francisco, CA 94111
T: (415) 578-6902
DFinberg@ohaganmeyer.com

William A. McKenna
WOODARD, EMHARDT, HENRY
REEVES & WAGNER, LLP
111 Monument Circle, STE 3700
Indianapolis, IN 46204-5137
(317) 634-3456
(317) 637-7561 (fax)
wmckenna@uspatent.com

***Attorneys for SlumberPod, LLC***

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEEZIO GROUP, LLC, a California limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>SLUMBERPOD, LLC, a Delaware limited liability company<br><br>Defendants. | Case No. 3:23-cv-06288<br><br>**FIRST AMENDED ANSWER AND COUNTERCLAIMS TO COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Defendant, SlumberPod LLC ("SlumberPod")[1], states as follows as its First Amended Answer and Counterclaims to the Complaint of Keezio Group, LLC ("Keezio"), filed December 7, 2023, as follows:

## PARTIES

1.    Plaintiff, KEEZIO GROUP LLC., is, and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of California, with its principal place of business located within the State of California, County of Contra Costa, City of Alamo. KEEZIO is a company engaged in the business of the design, manufacture, marketing, distribution, and sale of children's products throughout the United States, including the State of California, County of Contra Costa.

**RESPONSE:** SlumberPod is without sufficient information to determine the accuracy of the allegations of this paragraph, and there denies them.

2.    Plaintiff is informed and believes and based thereon alleges that Defendant SLUMBERPOD, LLC is and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Bellevue, Washington, doing business in the State of California and in this District by, among other things, marketing, distributing and selling children's products throughout the United States, the State of California and this District.

**RESPONSE:** SlumberPod admits that it is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Bellevue, Washington. The remainder of this paragraph is denied.

---

[1] SlumberPod LLC is the correct identity of Defendant, not "SlumberPod, LLC" (with a comma).

1

## JURISDICTION

2     3.     The Court has original jurisdiction over this action pursuant to 15

3     U.S.C. § 1121 and 28 U.S.C. § 1331 as this action arises under the Federal

4     Trademark Act of 1946, as amended, 15 U.S.C. §§ 1124-1125 ("the Lanham Act").

5     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

6     to 28 U.S.C. § 1367. The Court also has jurisdiction over this action pursuant to 28

7     U.S.C. § 1332, as this case is a civil action between citizens of different states and

8     citizens or subjects of a foreign state, and in which the matter in controversy will

9     exceed, exclusive of costs and interests, seventy-five thousand dollars

10    ($75,000.00).

11    **RESPONSE:**  The allegations set forth in paragraph 3 constitute a legal

12    conclusion for the purposes of establishing jurisdiction with this Court, and

13    thereof, no response is believed to be required.  To the extent a response is

14    required, SlumberPod is without sufficient information to determine the accuracy

15    of the remaining allegations of this paragraph, and there denies them.

16    4.     This Court has personal jurisdiction over Defendant SLUMBERPOD

17    because Defendant (a) markets, distributes and sells its products throughout the

18    United States, including to customers within this District through Amazon and

19    through prominent retailers, including Target stores, located within this District,

20    (b) has engaged in tortious and wrongful conduct directed to harm residents of this

21    District, including Plaintiff, (c) has purposefully directed its activities to the State

22    of California, and (d) has purposefully availed itself of the privilege of conducting

23    business activities within the State of California, thus invoking the benefits and

24    protections of its laws. Venue is proper in this District under 28 U.S.C. Section

25    1391(b)(2) because, inter alia, a substantial part of the events giving rise to the

26    claims occurred in this District, and because Defendants are subject to personal

27    jurisdiction in this District.

28

**FIRST AMENDED ANSWER AND COUNTERCLAIMS TO COMPLAINT**
**Case No. 3:23cv06288**

**RESPONSE:** The allegations set forth in paragraph 4 constitute a legal conclusion for the purposes of establishing jurisdiction with this Court, and thereof, no response is believed to be required.  To the extent a response is required, SlumberPod admits that its products are sold throughout the United States, including to customers within this District through Amazon and Target. The remaining allegations of this paragraph are denied.

## DIVISIONAL ASSIGNMENT

5.    Assignment to this division in proper pursuant to Local Rule 3-2 (c) and (e) because this action arises in the County of Contra Costa as a substantial part of the events giving rise to the claims occurred in the County of Contra Costa and throughout this District.

**RESPONSE:** SlumberPod is without sufficient information to determine the accuracy of the allegations of this paragraph, and there denies them.

## FACTUAL BACKGROUND

6.    KEEZIO markets, distributes, and sells its line of products, most notably, its "hiccapop" line of children's products throughout the United States, including the San Francisco Bay Area, primarily on the Amazon online retail sales platform. Amazon is an online retail outlet that sells consumer products, computing services and digital content, among other products and services. KEEZIO markets its brands as "Amazon-Exclusive" brands because its core management team has a long and valued relationship with Amazon spanning nearly 20 years. KEEZIO strategically utilizes the Amazon platform as the primary sales outlet for its products due to the simplicity and ease of use of the platform for its customers. One product in KEEZIO's hiccapop line is an anytime-anywhere blackout tent, that fits over most playards, inflatable toddler beds, toddler cots and mini cribs, known as the "Hiccapop DayDreamer Blackout Tent for Pack `n Play" ("DayDreamer"),

1  which was designed and manufactured over a two-year process and recently
2  released on the Amazon platform in November 2023.

3      **RESPONSE:**  SlumberPod admits that Keezio sells its "Hiccapop
4  DayDreamer Blackout Tent for Pack 'n Play" on Amazon and that Amazon is an
5  online retail outlet that sells consumer products, computing services and digital
6  content, among other products and services.  SlumberPod is without sufficient
7  information to determine the accuracy of all of the remining allegations of this
8  paragraph, and there denies them.

9      7.    On information and belief, Defendant SLUMBERPOD markets a line
10  of products, including infant sleep systems, on the Amazon platform and through
11  prominent retailers, including Target stores, throughout California and within this
12  District, including a "Portable Sleep Pod Baby Blackout Canopy Crib Cover" that
13  is similar to Plaintiff's DayDreamer. Plaintiff is further informed and believes that
14  SLUMBERPOD and/or affiliated persons or entities own(s) a U.S. patent
15  associated with its canopy crib cover product - U.S. Patent 11,617,450 entitled
16  "Crib Accessory" (hereinafter "the `450 Patent").

17      **RESPONSE:**  SlumberPod admits that it sells its products via Amazon and
18  to Target for distribution nationwide, including its portable privacy sleep nook
19  product.  SlumberPod's product was on the market years before Plaintiff's
20  DayDreamer product, but the two products can be fairly described as similar.
21  Moreover, SlumberPod is the owner of U.S. Patent 11,617,450 entitled "Crib
22  Accessory".

23      8.    On or about November 27, 2023, counsel for SLUMBPOD forwarded
24  a letter erroneously addressed to "Jianguo Zheng d/b/a Hiccapop" to the email
25  address info@hiccapop.com ("the November 27 Infringement Letter"). In the
26  November 27 Infringement letter, SLUMBERPOD's counsel makes make the
27  unsubstantiated assertion that Plaintiff's DayDreamer product "infringes one or

28

more claims of the `450 Patent" and demands that all parties immediately "cease and desist all selling or offering to sell these infringing products and withdraw these infringing products as well as their advertisement from the marketplace," among other aggressive demands.

**RESPONSE:** SlumberPod admits that its counsel forwarded a letter dated November 27, 2023 to "Jianguo Zheng d/b/a/ Hiccapop" and also info@hiccapop.com.  The document speaks for itself, and as such no further response is believed to be necessary.  To the extent a response is required, SlumberPod denies the remaining allegations of the paragraph.

9.    After reviewing the November 27 Infringement Letter, KEEZIO discovered that, on or prior to November 27, 2023, purposefully and with the specific intention of maligning KEEZIO's products (including the DayDreamer), tradename and business reputation, and in connection with promoting its products to Amazon, SLUMBERPOD filed a malicious and knowingly false complaint with Amazon alleging that KEEZIO's DayDreamer product infringed upon the `450 Patent owned or controlled by SLUMBERPOD. KEEZIO further discovered that, as a direct and proximate result of SLUMBERPOD's malicious and knowingly false infringement complaint, Amazon immediately and without any communication or advance notice to KEEZIO, suspended KEEZIO's rights to market and sell its DayDreamer product and removed the product from the Amazon online retail sales platform, resulting in substantial injury to KEEZIO's brand, tradename, and long-established business relationship, as well as pecuniary loss attributable to lost sales of its products.

**RESPONSE:** SlumberPod admits that on November 27, 2023 its counsel filed Complaint ID 14372749121 with Amazon under the APEX program alleging infringement of the '450 Patent by Plaintiff's DayDreamer, which resulted in the

removal of the DayDreamer product from Amazon by Amazon according to its own APEX rules and procedures. The remainder of the allegations are denied.

10. After receiving notification that its DayDreamer product had been suspended by Amazon, KEEZIO, through its legal counsel, immediately corresponded with SLUMBERPOD's counsel by letter on November 29, 2023, addressing and refuting the infringement claim in detail, and demanding the immediate retraction of the baseless infringement claim communicated to Amazon. Additionally, to eliminate any potential infringement concerns, KEEZIO engaged its patent counsel to thoroughly review and evaluate the DayDreamer product for potential infringement on the `450 Patent. Upon completing that review, KEEZIO's patent counsel issued a legal opinion conclusively establishing that KEEZIO's DayDreamer product did not infringe upon `450 Patent owned and/or controlled by SLUMBERPOD ("the Non-Infringement Opinion"). True and correct copies of KEEZIO counsel's November 29 letter and the Non-Infringement Opinion are attached to this complaint as Exhibit "A" and are incorporated herein by this reference.

**RESPONSE:** SlumberPod admits that its counsel received the November 29 letter from Plaintiff's counsel and that the copy contained in Exhibit A is a true and accurate copy thereof. The document speaks for itself, however, the November 29th letter was delivered via e-mail at 5:02 PM EST / 2:02 PST and demanded a retraction of the infringement complaint by 8:00 PM EST / 5:00 PM PST. Counsel for SlumberPod did not see the November 29th letter until the morning of November 30th. SlumberPod is without sufficient information to determine the accuracy of the allegations of this paragraph, and there denies them.

11. Notwithstanding KEEZIO's demand therefor, purposefully and with the specific and malicious intention of harming and maligning KEEZIO's brand, business reputation and pecuniary interests, SLUMBERPOD has failed, and as of

the filing of this action, continues to fail to retract its baseless infringement claim with full knowledge that KEEZIO has not violated the `450 Patent, or any other intellectual property rights of SLUMBERPOD, or violated any law at all with respect to the promotion, advertisement or sale of its DayDreamer product. Moreover, despite KEEZIO's ongoing efforts to appeal the suspension and removal of its DayDreamer product from the Amazon sales platform, as of the filing of this action, the DayDreamer remains suspended by Amazon during the height of the holiday selling season, and KEEZIO has suffered and continues to suffer substantial and continuing injury to its brand, tradename, and pecuniary interests each day that the suspension of its DayDreamer product by Amazon continues.

**RESPONSE:** All of the allegations in paragraph 11 are denied. As a result of Plaintiff's counter-notification under the APEX program, Amazon reinstated Plaintiff's DayDreamer product for sale on Amazon on or about December 5, 2023. No retraction by SlumberPod of its complaint to Amazon is necessary as its complaint under APEX is no longer relevant as Plaintiff's product has been reinstated and pending litigation trumps the APEX program.

## FIRST CLAIM FOR RELIEF

### (Violation of § 43(a) of the Lanham Act – 15 U.S.C. § 1125(a))

12.    Plaintiff realleges and incorporates paragraphs 1 through 11, inclusive, as though fully set forth herein.

**RESPONSE:** SlumberPod refers to and incorporates its responses to all preceding paragraphs by reference as though fully set forth herein.

13.    In connection with the promotion of Defendant's products to Amazon, Defendant has disseminated and/or caused others to disseminate into interstate commerce false and misleading statements concerning Plaintiff and its products by filing malicious and knowingly false complaints with Amazon alleging that Plaintiff's DayDreamer product infringed upon the `450 Patent owned or controlled

by Defendant SLUMBERPOD in violation of § 43(a) of the Lanham Act. The knowingly false infringement complaints filed by Defendant in connection with the promotion of Defendant's products to Amazon constitute false and misleading representations of fact that are likely to confuse, mislead and deceive Amazon as to the nature, characteristics, and qualities of Plaintiff's products, including the DayDreamer. Defendant's knowingly false infringement complaints were maliciously intended to injure, and have injured Plaintiff's brand, business reputation and pecuniary interests, by, inter alia, directly causing the suspension and removal of Plaintiff's DayDreamer product from the Amazon online retail sales platform. Unless immediately enjoined by this Court, Defendant's malicious and unlawful conduct will continue to confuse, mislead, and deceive as to the nature, characteristics, and qualities of Plaintiffs products, including DayDreamer, and will continue to cause injury to Plaintiff's brand, business reputation and pecuniary interests.

**RESPONSE:** Denied.

14.    As a direct and proximate result of Defendant's unlawful acts and practices as herein alleged, Defendants' conduct has caused, and unless immediately enjoined by this Court will continue to cause, irreparable harm to Plaintiffs business, reputation, and goodwill for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief. Additionally, Defendant's unlawful acts and practices described herein are, and unless enjoined by this Court will continue to be in violation of § 43(a) of the Lanham Act.

**RESPONSE:** Denied.

15.    As a direct and proximate result of Defendants' unlawful conduct herein alleged, Plaintiff has suffered, and continues to suffer damages, including lost sales and profits, in a total amount presently unknown and to be determined at

1  trial according to proof, but which Plaintiff reasonably estimates will exceed
2  $75,000.00.

3  **RESPONSE:** Denied.

4  16.    Further, by virtue of Defendant's purposeful and knowing violation of
5  § 43(a) of the Lanham Act (25 U.S.C. § 1125(a)), and in addition to the recovery
6  of Plaintiff's damages and the injunctive relief requested herein, Plaintiff is entitled
7  to recovery of Defendant's profits, costs of this action, reasonable attorney's fees,
8  as well as all other monetary amounts, including treble damages, as specified in 15
9  U.S.C. § 1117(a).

10 **RESPONSE:** The allegations set forth in paragraph 16 constitute a legal
11 conclusion, and therefore, a response is not required. To the extent a response is
12 required, denied.

## SECOND CLAIM FOR RELIEF

### (Trade Libel)

15 17.    Plaintiff realleges and incorporates paragraphs 1 through 11,
16 inclusive, as though fully set forth herein.

17 **RESPONSE:** SlumberPod refers to and incorporates its responses to all
18 preceding paragraphs by reference as though fully set forth herein.

19 18.    As hereinabove alleged, Defendant has repeatedly made statements
20 alleging patent infringement by Plaintiff that would clearly be understood to have
21 disparaged (a) the desirability and quality of Plaintiff's products, including
22 DayDreamer, and (b) Plaintiff's brand and business reputation ("the Statements").

23 **RESPONSE:** Denied.

24 19.    Defendant made and published the Statements to a person other than
25 Plaintiff.

26 **RESPONSE:** Denied.

27
28

20.    The Statements were and are untrue, and were made without justification or privilege.

**RESPONSE:**  Denied.

21.    At the time Defendant made and published the Statements, Defendant knew the Statements were untrue, or acted with reckless disregard as to the truth or falsity of the Statements.

**RESPONSE:** Denied.

22.    At the time Defendant made and published the Statements, Defendant knew or should have known that third parties might act in reliance on the Statements, causing financial losses and/or injury to Plaintiff.

**RESPONSE:** Denied.

23.    As a direct and proximate result of Defendants' publication of the Statements, Amazon suspended and removed Plaintiff's DayDreamer product from the Amazon online retail sales platform and Plaintiff has suffered, and continues to suffer damages, including lost sales and profits, in a total amount presently unknown and to be determined at trial according to proof, but which Plaintiff reasonably estimates will exceed $75,000.00.

**RESPONSE:** Denied.

24.    Defendant's publication of the Statements was a substantial factor in causing the harm to Plaintiff herein alleged.

**RESPONSE:** Denied.

## THIRD CLAIM FOR RELIEF

### (Intention Interference with Contractual Relations)

25.    Plaintiff realleges and incorporates paragraphs 1 through 11, inclusive, as though fully set forth herein.

**RESPONSE:** SlumberPod refers to and incorporates its responses to all preceding paragraphs by reference as though fully set forth herein.

26.    Plaintiff has, and at all relevant times herein mentioned has had, valid and existing contractual relationships with Amazon and with Plaintiff's customers who purchase Plaintiff's children's products, including DayDreamer, on Amazon's online retail sales platform.

**RESPONSE:** SlumberPod is without sufficient information to determine the accuracy of the allegations of this paragraph, and there denies them.

27.    Defendants are aware, and at all relevant times herein mentioned have been aware of the contractual relationships between Plaintiff and Amazon and between Plaintiff and its customers.

**RESPONSE:** Denied.

28.    By engaging in the wrongful acts hereinabove alleged, specifically, the repeated assertion of malicious and knowingly false claims of patent infringement, Defendants knowingly and intentionally disrupted plaintiff's contractual and economic relationships with Amazon and with Plaintiff's customers by inducing Amazon to suspend and remove Plaintiff's DayDreamer product from the Amazon online retail sales platform. By engaging in the conduct alleged herein, Defendants knew that Plaintiff would suffer harm from the disruption of its contractual relationships with Amazon and Plaintiff's customers.

**RESPONSE:**  Denied.

29.    As a direct and proximate result of Defendants intentional acts herein alleged, the contractual relationships of Plaintiff described herein have been, and continue to be actually disrupted in that Defendants' malicious infringement claims have induced Amazon to suspend and remove Plaintiff's DayDreamer product from the Amazon online retail sales platform. Defendants' conduct has caused, and will continue to cause, irreparable harm to Plaintiff's business interests, and has significantly damaged plaintiff's contractual relationships described herein.

**RESPONSE:** Denied.

30.    As a direct and proximate result of Defendants' unlawful conduct herein alleged, Plaintiff has suffered, and continues to suffer damages, including lost sales and profits, in a total amount presently unknown and to be determined at trial according to proof, but which Plaintiff reasonably estimates will exceed $75,000.00.

**RESPONSE:** Denied.

31.    The acts of Defendants described herein were willful, fraudulent, malicious, and oppressive and in conscious disregard of the rights of Plaintiff, and were taken with knowledge that such acts would cause harm to Plaintiff. Plaintiff is therefore entitled to exemplary and punitive damages.

**RESPONSE:** Denied.

## FOURTH CLAIM FOR RELIEF

### (Intention Interference with Prospective Economic Advantage)

32.    Plaintiff realleges and incorporates paragraphs 1 through 11, inclusive, as though fully set forth herein.

**RESPONSE:** SlumberPod refers to and incorporates its responses to all preceding paragraphs by reference as though fully set forth herein.

33.    Plaintiff has, and at all relevant times herein mentioned has had, valid and existing contractual relationships with Amazon and with Plaintiff's customers who purchase Plaintiff's children's products, including DayDreamer, on Amazon's online retail sales platform. Additionally, Plaintiff has prospective economic relationships with Amazon and with its customers, with the probability of significant, future economic benefit to Plaintiff as a result of these economic relationships.

**RESPONSE:** SlumberPod is without sufficient information to determine the accuracy of the allegations of this paragraph, and there denies them.

34.    Defendants are aware, and at all relevant times herein mentioned have been aware of the contractual relationships between Plaintiff and Amazon and between Plaintiff and its customers.

**RESPONSE:** Denied.

35.    By engaging in the wrongful acts hereinabove alleged, specifically, the repeated assertion of malicious and knowingly false claims of Patent infringement as hereinabove alleged, Defendants knowingly and intentionally disrupted plaintiff's contractual and economic relationships, and the prospective economic benefits thereof, with Amazon and with Plaintiff's customers described herein by inducing Amazon to suspend and remove Plaintiff's DayDreamer product from the Amazon online retail sales platform. By engaging in the conduct alleged herein, Defendants knew that Plaintiff would suffer harm from the disruption of its contractual relationships with Amazon and Plaintiff's customers.

**RESPONSE:** Denied.

36.    As a direct and proximate result of Defendants' unlawful conduct herein alleged, Plaintiff has suffered, and continues to suffer damages, including lost sales and profits, in a total amount presently unknown and to be determined at trial according to proof, but which Plaintiff reasonably estimates will exceed $75,000.00.

**RESPONSE:** Denied.

37.    The acts of Defendants described herein were willful, fraudulent, malicious, and oppressive and in conscious disregard of the rights of Plaintiff and were taken with knowledge that such acts would cause harm to Plaintiff. Plaintiff is therefore entitled to exemplary and punitive damages.

**RESPONSE:** Denied.

1
2
3

### FIFTH CLAIM FOR RELIEF
### (Violation of Unfair Competition Law)
### [Cal. Bus. & Prof. Code § 17200 et seq.]

4
5

38.    Plaintiff realleges and incorporates paragraphs 1 through 12, inclusive, as though fully set forth herein.

6
7

**RESPONSE:** SlumberPod refers to and incorporates its responses to all preceding paragraphs by reference as though fully set forth herein.

8
9
10
11
12
13
14
15

39.    By engaging in the wrongful acts hereinabove alleged, specifically, the repeated assertion of malicious and knowingly false claims of Patent infringement as hereinabove alleged, defendants have engaged in unlawful, fraudulent, and/or unfair business practices in violation of California Business and Professions Code section 17200 et seq., designed to deprive Plaintiff of the economic benefits of its established business relationships with Amazon and with its customers, and which gives Defendants a competitive advantage in the retail sale of its products on the Amazon platform.

16

**RESPONSE:** Denied.

17
18
19
20
21

40.    As a direct and proximate result of Defendants' unlawful conduct herein alleged, Plaintiff has suffered, and continues to suffer damages, including lost sales and profits, in a total amount presently unknown and to be determined at trial according to proof, but which Plaintiff reasonably estimates will exceed $75,000.00.

22

**RESPONSE:** Denied.

23
24
25
26

41.    Pursuant to California Business and Professions Code section 17203, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease this unfair competition, as well as disgorgement of all of Defendants' profits associated with this unlawful competition.

27
28

**RESPONSE:** The allegations set forth in paragraph 41 constitute a legal conclusion, and therefore, a response is not required. To the extent a response is required, denied.

## SIXTH CLAIM FOR RELIEF

## (Unjust Enrichment)

42.     Plaintiff realleges and incorporates paragraphs 1 through 11, inclusive, as though fully set forth herein.

**RESPONSE:** SlumberPod refers to and incorporates its responses to all preceding paragraphs by reference as though fully set forth herein.

43.     By engaging in the conduct described above, Defendants have benefited and continue to benefit from their wrongdoing and have been unjustly enriched by reaping the benefits of its unlawful activities, all to Plaintiff's injury and damage.

**RESPONSE:** Denied.

44.     Under the circumstances of this case, it would be inequitable for Defendants to retain the benefits unjustly received from their wrongful actions herein alleged without repaying the lost value and benefit to Plaintiff.

**RESPONSE:** Denied.

45.     As a direct and proximate result of Defendants' unlawful conduct herein alleged, Plaintiff has suffered, and continues to suffer damages, including lost sales and profits, in a total amount presently unknown and to be determined at trial according to proof, but which Plaintiff reasonably estimates will exceed $75,000.00.

**RESPONSE:** Denied.

## SEVENTH CLAIM FOR RELIEF

## (Injunctive Relief)

46.     Plaintiff realleges and incorporates paragraphs 1 through 13,

inclusive, as though fully set forth herein.

**RESPONSE:** SlumberPod refers to and incorporates its responses to all preceding paragraphs by reference as though fully set forth herein.

47.    By engaging in the conduct described above, Defendants have willfully and purposefully harmed Plaintiff and have benefited and continue to benefit from their wrongdoing, all to Plaintiff's injury and damage. The conduct of Defendants in maliciously interfering with Plaintiff's contractual relationships and prospective economic advantage, and in violation of the statutory provisions above referenced, constitute a continuing injury to and interference with Plaintiff's business, which diminishes Plaintiff's profits, and which cannot be fully and adequately compensated in damages.

**RESPONSE:** Denied.

48.    Unless an injunction is issued prohibiting Defendants from violating Plaintiff's contractual and statutory rights as hereinabove alleged, Plaintiff will continue to suffer irreparable harm to its brand, tradename and long-established business relationships, and Plaintiff will have no adequate remedy at law.

**RESPONSE:** Denied.

49.    Accordingly, Plaintiff seeks a preliminary and permanent injunction prohibiting Defendants from maliciously interfering with Plaintiff's contractual relationships and prospective economic advantage as hereinabove alleged in violation of Plaintiff's contractual and statutory rights.

**RESPONSE:** Denied.

## EIGHTH CLAIM FOR RELIEF
### (Declaratory Relief)

50.    Plaintiff realleges and incorporates paragraphs 1 through 11, inclusive, as though fully set forth herein.

**RESPONSE:** SlumberPod refers to and incorporates its responses to all preceding paragraphs by reference as though fully set forth herein.

51.     An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties in that Plaintiff maintains that its DayDreamer product does not infringe upon the `450 Patent owned and/or controlled by Defendants whereas Defendants dispute this contention and maintain that their patent rights have been infringed.

**RESPONSE:** The allegations set forth in paragraph 51 constitute a legal conclusion, and therefore, a response is not required. To the extent a response is required, SlumberPod is without sufficient information to determine the accuracy of the allegations of this paragraph, and there denies them.

52.     Plaintiff desires a judicial determination of the parties' respective rights and duties relative to the conflicting claims. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain its rights and duties and obtain a fair and just adjudication of the dispute.

**RESPONSE:** The allegations set forth in paragraph 52 constitute a legal conclusion, and therefore, a response is not required. To the extent a response is required, SlumberPod is without sufficient information to determine the accuracy of the allegations of this paragraph, and there denies them.

## **PRAYER FOR RELIEF**

WHEREFORE, SlumberPod prays that judgment be entered in its favor as follows:

1.     Plaintiff take nothing by way of this action;

2.     Judgment be entered in favor of SlumberPod on every count of the Complaint and/or the Complaint be dismissed with prejudice; and

3.     SlumberPod be awarded costs of suit, attorneys' fees, and any other relief that the Court deem fair, just and equitable.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      There has been no damage to Plaintiff as alleged.

3.      SlumberPod's actions were not unfair, fraudulent nor likely to mislead, and SlumberPod's contact and dealings were lawful, as authorized by applicable law and policies and were carried out in good faith and for legitimate business purposes.

4.      The cause of action under California Business & Professions Code Section 17200 et. seq. is barred to the extent is alleges improper remedies.

5.      Due to Plaintiff's own affirmative conduct, it is estopped from asserting any causes of action against SlumberPod by way of estoppel and/or waiver.

6.      Due to Plaintiff's own affirmative conduct, it is estopped from asserting any causes of action against SlumberPod by way of its own unclean hands.

7.      Plaintiff failed to take reasonable steps to protect itself from the damages alleged in the Complaint and has failed to mitigate any such damage.

8.      To the extend Plaintiff may have suffered any loss or damaged at all, which SlumberPod denies, such alleged loss or damages were not proximately caused by the acts or omissions of SlumberPod.

9.      Plaintiff's claim for tortious interference is barred by its own failure of proof that any specific and identifiable breach of contract has ever occurred.

10.      Plaintiff's claim of trade libel is barred to the extent that any of SlumberPod's alleged statements were truthful and/or reasonably believed to be true without malice.

11.     Plaintiff's claim of trade libel is barred because SlumberPod's alleged statements are protected by the qualified privilege provided by California Civil Code section 47, as statements made to interested persons without malice.

12.     California law fails to recognize Plaintiff's alleged "unjust enrichment" as a separate cause of action, rather it is a remedy.

13.     California law fails to recognize Plaintiff's alleged "injunctive relief" as a separate cause of action, rather it is a remedy.

## COUNTERCLAIMS

Defendant SlumberPod LLC ("SlumberPod") asserts the following amended counterclaims against the Plaintiff, Keezio Group, LLC ("Keezio") as follows:

## PARTIES

1.     Upon information and belief, Keezio is a limited liability company organized and existing under the laws of the State of California that is engaged in the business of selling products for children and new parents.

2.     SlumberPod is a limited liability company organized and existing under the laws of the State of Delaware.

## JURISDICTION

3.     This Court has original jurisdiction pursuant to 15 U.S.C., 1121(a), 35 U.S.C. § 281 and 28 U.S.C. §§ 1331, 1332 and 1338(a).

4.     Venue in this district is proper pursuant to the provisions of Title 28, United States Code, Section 1391 and 1400.

5.     This Court has personal jurisdiction over Keezio because it is organized under the laws of the State of California, has its principal place of business located in this judicial district, does business in this judicial district and has voluntarily submitted itself to the jurisdiction of this Court in filing the complaint.

1

## DIVISIONAL ASSIGNMENT

2

6.    Assignment to this division in proper pursuant to Local Rule 3-2 (c)

3

and (e) because this action arises in the County of Contra Costa as a substantial

4

part of the events giving rise to these counterclaims occurred in the County of

5

Contra Costa and throughout this District.

6

## BACKGROUND FACTS

7

7.    The idea behind SlumberPod originated in later 2014 with one of its

8

founders and her husband were visiting her parents for the winter holidays.   In

9

sharing a bedroom, their baby was woken up two nights in a row, and the baby

10

cried and would not go back to sleep as it saw its parents across the room.   They

11

left a day early, as the baby could always get a good night's rest at home.

12

8.    In the spring of 2016, after seeking a better way to provide privacy to

13

their baby, the mother and grandmother team set out to create a safe, easy and

14

portable product to make travel and vacations more restful and fun for parents and

15

their young children.   SlumberPod and its first product, the SlumberPod Portable

16

Privacy Pod (the "SlumberPod® Product"), were born.

17

9.    SlumberPod enjoyed tremendous success early on with the

18

SlumberPod® Product.

19

10.    As a result of its tremendous success, SlumberPod and the

20

SlumberPod® Product were featured on ABC's Shark Tank (Season 11, Episode

21

10).

22

11.    The SlumberPod® Product has been featured in widely recognized

23

other publications and programs, such as Women's Health, Good Morning

24

America, Motherly, Conde Naste Traveler, Forbes and Business Insider.

25

12.    Today, the SlumberPod product enjoys tremendous success on

26

Amazon and sales via SlumberPod's website, as well as through various retail

27

channels, including Target.

28

**FIRST AMENDED ANSWER AND COUNTERCLAIMS TO COMPLAINT**
**Case No. 3:23cv06288**

13.    In recognition of the uniqueness of the SlumberPod Product, SlumberPod was awarded and owns, among others, U.S. Patent No. 11,617,450 (the "'450 Patent"). A true and accurate copy of the '450 Patent is attached hereto as Exhibit A.

14.    SlumberPod was awarded U.S. Trademark Reg. 5,3351,787 for the mark SLUMBERPOD® in class 24 for "crib canopies" ("the '787 Registration"). A true and accurate copy of the '787 Registration is attached hereto as Exhibit B.

15.    In further recognition of the uniqueness of the SlumberPod Product, on July 30, 2024, SlumberPod was awarded and now owns U.S. Patent No. 12,048,381 (the "'381 Patent'"). A true and accurate copy of the '381 Patent is attached hereto as Exhibit C.

16.    The '450 and '381 Patents and the '787 Registration are each valid and currently in force. The '787 Registration is incontestable.

17.    SlumberPod makes and sells products, including the SlumberPod® Product, incorporating the disclosure claimed in the '450 Patent.

18.    SlumberPod makes and sells products, including the SlumberPod® Product, incorporating the disclosure claimed in the '381 Patent.

19.    SlumberPod makes and sells products, including the SlumberPod® Product, which are sold under the SLUMBERPOD® mark, which is protected by the '787 Registration.

20.    SlumberPod marks its products incorporating the disclosure claimed in the '450 Patent under the patent marking statute, including 35 U.S.C. §287.

21.    SlumberPod marks its products incorporating the disclosure claimed in the '381 Patent under the patent marking statute, including 35 U.S.C. §287

22.    SlumberPod marks its products incorporating the SLUMBERPOD® mark under the trademark marking statute, including 15 U.S.C. §1111.

## KEEZIO'S INFRINGING ACTS

23.    Keezio has introduced its Hiccapop DayDreamer Blackout Tent for Pack 'n Play (the "DayDreamer Product"), which infringes at least claim 1 of the '450 Patent and claim 1 of the '381 Patent.

24.    A true and accurate printout from the Keezio's website (www.hiccapop.com) showing the DayDreamer Product is attached as Exhibit D.

25.    A true and accurate printout from the Keezio's Amazon listing showing the DayDreamer Product is attached as Exhibit E.

26.    The DayDreamer Product is intended to compete directly with the SlumberPod Product.

27.    In launching the DayDreamer Product, Keezio transmitted marketing materials to its customers and other potential customers on or around November 26, 2023.  These e-mails describe the DayDreamer Product as having "slumber pod breathable fabric."   A true and accurate copy of this e-mail sent by Keezio is attached as Exhibit F.

## COUNT I – INFRINGEMENT OF THE '450 PATENT

28.    Plaintiff incorporates by reference the averments contained in paragraphs 1 through 26 of its Counterclaims.

29.    Keezio manufactures, uses, sells, offers to sell, and/or imports into the United States and this Judicial District the DayDreamer product that directly infringes the '450 Patent, including at least claim 1 thereof.

30.    An exemplary claim chart detailing the basis for SlumberPod's accusation that the DayDreamer Product infringes claim 1 of the '450 Patent is attached as Exhibit G.

31.    On information and belief, Keezio has acted willfully, intentionally and deliberately in derogation of SlumberPod's rights.

32.    SlumberPod has been damaged by Keezio's infringement and will suffer irreparable injury unless Keezio is permanently enjoined by this Court.

## COUNT II:  INFRINGEMENT OF THE '381 PATENT

33.    Plaintiff incorporates by reference the averments contained in paragraphs 1 through 31 of its Counterclaims.

34.    Keezio manufactures, uses, sells, offers to sell, and/or imports into the United States and this Judicial District the DayDreamer product that directly infringes the '381 Patent, including at least claim 1 thereof.

35.    An exemplary claim chart detailing the basis for SlumberPod's accusation that the DayDreamer Product infringes claim 1 of the '381 Patent is attached as Exhibit G.

36.    On information and belief, Keezio has acted willfully, intentionally and deliberately in derogation of SlumberPod's rights.

37.    SlumberPod has been damaged by Keezio's infringement and will suffer irreparable injury unless Keezio is permanently enjoined by this Court.

## COUNT III:  FEDERAL AND COMMON LAW TRADEMARK INFRINGEMENT

38.    SlumberPod incorporates by reference the averments contained in paragraphs 1 through 36.

39.    Keezio's unauthorized use of the SlumberPod mark in its advertising and in conjunction with its competitive canopy products is confusingly similar to SlumberPod's use of the SlumberPod® mark in conjunction with its sale of the SlumberPod Product.

40.    Keezio's use of the SlumberPod mark is likely to cause confusion or mistake or to deceive consumers into believing that Keezio's unauthorized products advertised, promoted, and offered in conjunction with the SlumberPod

mark are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with SlumberPod.

41.    The acts of Keezio complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship or approval and therefore constitute Federal and common law trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 *et seq*. and the common law.

## COUNT III:  UNFAIR COMPETITION

42.    SlumberPod incorporates by reference the averments contained in paragraphs 1 through 40.

43.    Keezio's unauthorized use of the SlumberPod mark is likely to cause confusion or mistake or to deceive consumers into believing that Keezio's unauthorized products advertised, promoted, and offered under the SlumberPod mark are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with SlumberPod.

44.    The acts of Keezio complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship or approval and therefore constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

## PRAYER FOR RELIEF

WHEREFORE, SlumberPod prays for judgment as follows:

A.    A judgment of infringement of the '450 Patent and '381 Patent be entered in favor of SlumberPod and against Keezio;

B.    An order permanently restraining Keezio or any subsidiaries, employees, agents or servants thereof, from further acts of infringement of the '450 Patent and the '381 Patent;

C.    An order that all infringing products in the possession of, or subject to control by Keezio or any employees, agents or servants thereof, infringing on any

claim of the '450 Patent or of the '381 Patent be delivered up and destroyed or altered to eliminate any possibility of infringement;

D.    An award of damages not less than a reasonable royalty, sufficient to compensate SlumberPod for Keezio's acts of patent infringement;

E.    An award of damages under 35 U.S.C. § 284 in an amount not less than three times the amount of actual damages caused by Keezio's acts of willful infringement;

F.    An order declaring that this is an exceptional case pursuant to 35 U.S.C. § 285 as a result of Keezio's knowing and willful infringement of the '450 Patent and the '381 Patent, and separately, as a result of its trademark infringement, and awarding SlumberPod their attorneys' fees incurred in bringing this action;

G.    A judgment that the unauthorized use of the SlumberPod mark in Keezio's commercial advertising, marketing and/or promotion and sales in the United States constitutes and creates a likelihood of confusion, mistake or deception among relevant consumers and therefore infringes the SLUMBERPOD® mark.

H.    Permanently enjoin Keezio, its officers, agents, employees and attorneys, and those in active concert or participation therewith, from advertising and offering for sale or selling any products which include the SlumberPod mark, which have caused actual confusion or are likely to cause confusion with SlumberPod's SLUMBERPOD® mark.

I.    An award of SlumberPod's damages, costs, attorney's fees and/or expenses associated with this action and also including Defendants' wrongful profits from or associated with its infringements of SlumberPod's rights in the SLUMBERPOD® mark

J.     Increase the amounts awarded to SlumberPod as damages and/or profits from Keezio to the maximum amounts allowed or permitted under 15 U.S.C. § 1117.

K.     An award to SlumberPod of its costs and expenses;

L.     An order granting all other relief found necessary, just and proper under the circumstances, including monetary damages to which Plaintiff may be entitled.

## **JURY DEMAND**

SlumberPod demands a trial by jury on all issues so triable.


October 11, 2024.



_____

Dana J. Finberg
O'HAGAN MEYER, PLLC
***Attorneys for SlumberPod, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon all parties registered for electronic notification via the Court's electronic filing system on October 11, 2024.

/s/ Dana J. Finberg