UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KEEZIO GROUP, LLC,

       Plaintiff/Counterclaim Defendant,

       v.

SLUMBERPOD, LLC,

       Defendant/Counterclaim Plaintiff.

Case No.  23-cv-06288-NW (VKD)

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

Re: Dkt. No. 92

Plaintiff Keezio Group, LLC ("Keezio") moves for leave to amend its invalidity contentions.  Dkt. Nos. 92, 103.  Defendant SlumberPod, LLC ("SlumberPod") opposes the motion.  Dkt. No. 101.  Upon consideration of the moving and responding papers, as well as the oral arguments presented, the Court denies Keezio's motion for leave to amend its invalidity contentions.

## I.     BACKGROUND

Keezio filed this action against SlumberPod, asserting claims for violation of the Lanham Act, 15 U.S.C. § 1125(a) and other unlawful business practices.  Dkt. No. 1.  Keezio also seeks a declaratory judgment that Keezio's DayDreamer product does not infringe U.S. Patent No. 11,617,450 ("the '450 patent"), titled "Crib Accessory."  *See id*. ¶¶ 50-52.  SlumberPod answered the complaint and asserted several counterclaims, including for patent infringement.  *See* Dkt. No. 12.  The operative first amended answer and counterclaims (Dkt. No. 42) asserts counterclaims for infringement of two patents:  the '450 patent, and a continuation patent, U.S. Patent No. 12,048,381 ("the '381 patent").  Keezio answered SlumberPod's counterclaims, denying infringement.  *See* Dkt. No. 43.

Keezio served its invalidity contentions on June 5, 2025.  *See* Dkt. No. 92-1 ¶ 4 & Ex. 3. The presiding judge issued her claim construction order on December 1, 2025, adopting SlumberPod's proposed construction of several terms, including "compartment," "included in . . . the fabric pavilion," "configured for attachment to the fabric pavilion," "configured to provide a baby monitor with visual access to the inside of the pod," and "accessible from the exterior of the pavilion via an opening."  Dkt. No. 72.  Keezio now seeks leave to amend its invalidity contentions, in view of the Court's construction of those terms to add two new prior art references and four new obviousness combinations based on the new prior art references.  *See* Dkt. No. 92-3 (showing proposed amendments).

## II.    LEGAL STANDARD

The Patent Local Rules seek to "balance the right to develop new information in discovery with the need for certainty as to the legal theories."  *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006).  Invalidity contentions therefore may be amended "only by order of the Court upon a timely showing of good cause."  Patent L.R. 3-6.

In assessing whether good cause exists, the Court considers whether the moving party was diligent in seeking to amend its contentions, and whether the non-moving party would suffer prejudice if the amendment were permitted.  *See Barco N.V. v. Tech. Properties Ltd*., No. 08-cv-05398 JF (HRL), 2011 WL 3957390, at *1 (N.D. Cal. Sept. 7, 2011).  To establish diligence, a party generally must show both diligence in discovering the basis for amendment and diligence in seeking amendment once the basis for amendment has been discovered.  *Positive Techs., Inc. v. Sony Elecs., Inc*., No. 11-cv-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013).  "If the court determines that the moving party was not diligent, the inquiry may end there."  *Twilio, Inc. v. Telesign Corp*., No. 16-cv-06925-LHK (SVK), 2017 WL 3581186, at *2 (N.D. Cal. Aug. 18, 2017) (citation omitted).  "However, the court retains discretion to grant leave to amend in the absence of diligence where there is no prejudice to the opposing party."  *Id*. (citations omitted); *see also Karl Storz Endoscopy-Am., Inc. v. Stryker Corp*., No. 14-cv-00876-RS (JSC), 2016 WL 2855260, at *7 (N.D. Cal. May 13, 2016) (collecting cases).

United States District Court
Northern District of California

United States District Court
Northern District of California

## III.    DISCUSSION

The Court first considers whether Keezio was diligent in discovering the basis for its proposed amendments and in seeking to leave to amend, and then considers whether SlumberPod would suffer prejudice if the proposed amendments are permitted.

### A.    Diligence

Keezio does not dispute that it received notice of SlumberPod's proposed claim constructions—the same constructions the Court ultimately adopted—on July 10, 2025.  Dkt. No. 92 at 1; Dkt. No. 101 at 1.  Keezio claims that it did not discover the new prior art references it proposes to add to its contentions until after the Court issued its claim construction order on December 1, 2025.  *See* Dkt. No. 92 at 5.  It sought leave to amend its contentions approximately two months later on January 29, 2026, the day before fact discovery closed.  *See generally id*.  While Keezio moved for leave to amend within two months after it says it discovered the new prior art, Keezio does not explain, in its opening motion or in its reply, what efforts it undertook to discover this prior art after receiving notice of SlumberPod's proposed claim constructions on July 10, 2025.  When questioned on this point during the motion hearing, Keezio's counsel acknowledged that he had no additional information about Keezio's efforts, diligent or otherwise, to identify prior art between July 10, 2025 and December 1, 2025.  *See* Dkt. No. 106.

These circumstances are very different from those presented in *Positive Technologies*, the principal case on which Keezio relies.  *See* Dkt. No. 92 at 7-8.  In *Positive Technologies*, the district court found that defendants seeking leave to amend demonstrated diligence by providing "a detailed time-line" showing "reasonable efforts to discover [new] information in response to new or changed circumstances in the case."  *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. 11-cv-2226 SI, 2013 WL 322556, at *2–3 (N.D. Cal. Jan. 28, 2013) ("contentions order").  These new or changed circumstances included new contentions by plaintiff about the alleged invention and a claim construction ruling that adopted neither side's proposed construction.  *See id.* at *3; *Positive Techs., Inc. v. Sony Elecs., Inc.,* No. 11-cv-02226 SI, 2012 WL 2589921, at *4-7 (N.D. Cal. July 3, 2012) ("claim construction order") (addressing "matrix display" term).  Here, Keezio has had notice of the proposed claim constructions that were ultimately adopted since July 10, 2025 and

3

has not provided any information about its efforts to discover prior art since that date. As Keezio concedes, its proposed amendments represent material changes to its theory of invalidity and not mere clarifications to its existing contentions. *See* Dkt. No. 103 at 3 ("The two new prior art references are highly material to the merit[s] of the case because they depict a key limitation of both patents-at-issue.").

On the record presented, the Court concludes that Keezio has not demonstrated diligence in discovering the basis for its proposed amendments. *See, e.g., In re ChromaCode Litig.,* No. 23-cv-04823-EKL (VKD), 2025 WL 2899212, at *5 (N.D. Cal. Oct. 9, 2025) ("ChromaCode's failure to show, let alone address, the question of diligence in its motion papers is fatal here.").

### B.    Prejudice

Because the Court concludes that Keezio was not diligent in discovering the basis for the proposed amendments, it need not reach the question of whether SlumberPod would suffer prejudice if the amendments are permitted. *O2 Micro*, 467 F.3d at 1368. Nevertheless, the Court agrees with SlumberPod that if the amendments are permitted, SlumberPod would be prejudiced in its ability to take discovery regarding the new prior art from third-party sources and in its ability to develop its defenses to Keezio's new obviousness combinations, given that fact discovery closed on January 30, 2026 (save for specific discovery sought by *plaintiff*) and expert disclosures are already in progress. *See* Dkt. No. 101 at 4-6; Dkt. No. 95; Dkt. No. 100. It is no answer to suggest, as Keezio did at the hearing, that the parties could simply agree to ask the presiding judge to modify the scheduling order to accommodate Keezio's proposed amendments by reopening discovery. *See* Dkt. No. 106. Such an amendment would require a showing of good cause, *see* Fed. R. Civ. P. 16(b)(4), and SlumberPod has explained why it is unwilling to agree to additional delay, *see* Dkt. No. 101 at 6.

For these reasons, the Court concludes that SlumberPod likely would suffer prejudice if the proposed amendments were permitted.

### IV.    CONCLUSION

Accordingly, the Court denies Keezio's motion for leave to amend its invalidity contentions.

**IT IS SO ORDERED.**

Dated: March 17, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California