UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KEEZIO GROUP,<br><br>        Plaintiff,<br><br>        v.<br><br>SLUMBERPOD, LLC,<br><br>        Defendant. | Case No. 23-cv-06288-NW<br><br>**ORDER GRANTING MOTION TO STRIKE**<br><br>Re: ECF No. 76 |

Before the Court is Defendant/Counterclaim Plaintiff SlumberPod, LLC's ("SlumberPod") motion to strike Plaintiff/Counterclaim Defendant Keezio Group, LLC's ("Keezio") advice of counsel defense pursuant to Patent Local Rule 3-7. ECF No. 76. Keezio opposed, ECF No. 102, and SlumberPod filed a reply, ECF No. 93. Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the hearing scheduled for April 1, 2026, and GRANTS the motion to strike.

SlumberPod argues that Keezio violated this District's Patent Local Rules by failing to timely provide required disclosures regarding Keezio's advice of counsel defense. "Reliance on the opinions legal of counsel is a defense to charges of willful patent infringement." *Protective Optics, Inc. v. Panoptx, Inc.*, 488 F. Supp. 2d 922, 923 (N.D. Cal. 2007). However, the Patent Local Rules set forth specific steps that a party must take to avail themselves of this defense. *See* N. D. Cal. Patent L. R. 3-7.

Patent Local Rule 3-7 states:

> Not later than 30 days after service by the Court of its Claim Construction Ruling, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason shall:
>
>     **(a)**    Produce or make available for inspection and copying any

United States District Court
Northern District of California

written advice and documents related thereto for which the attorney-client and work product protection have been waived;

**(b)** Provide a written summary of any oral advice and produce or make available for inspection and copying that summary and documents related thereto for which the attorney-client and work product protection have been waived; and

**(c)** Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the advice which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party who does not comply with the requirements of this Patent L.R. 3-7 shall not be permitted to rely on advice of counsel for any purpose absent a stipulation of all parties or by order of the Court.

*Id*.

Here, the Court issued its Order on claim construction on December 1, 2025. ECF No. 72. The parties do not dispute that Keezio did not file a disclosure by the 30-day deadline, nor has it filed one since. Keezio did not seek an "order of the Court" to be permitted to rely on advice of counsel or to file its Rule 3-7 disclosures late. *Id*.

Keezio instead argues that "Keezio disclosed its non-infringement opinion . . . at the outset of this case by attaching it as Exhibit A to its Complaint filed on December 5, 2023," and that the "underlying policy of Patent Local Rule 3-7 is notice and disclosure." ECF No. 102 at 1. This is not sufficient.

Keezio had an obligation to not only put SlumberPod on notice but to "[p]roduce or make available for inspection and copying any written advice and documents," "[p]rovide a written summary of any oral advice," and "[s]erve a privilege log identifying any other documents" pursuant to the rule's specifications. N. D. Cal. Patent L. R. 3-7; *see Protective Optics*, 488 F. Supp. 2d at 923 ("a defendant who wishes to escape charges of willful infringement may rely on the advice of his attorney, but he must alert the other side of his intention to do so, and he must turn over (or identify in a privilege log) all documents that relate to the attorney's opinion. Failure to do so precludes use of the attorney's opinion as a defense."). Because Keezio did not comply with this District's Patent Local Rule 3-7, Keezio "shall not be permitted to rely on advice of counsel for any purpose." N. D. Cal. Patent L. R. 3-7.

2

SlumberPod's motion to strike is GRANTED.

**IT IS SO ORDERED.**

Dated: March 29, 2026

Noël Wise
United States District Judge