R. Joseph Trojan, CA Bar No. 137,067
Trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
Dang@trojanlawoffices.com
Francis Z. Wong, CA Bar No. 284,946
Wong@trojanlawoffices.com
**TROJAN LAW OFFICES, P.C.**
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

Attorneys for Plaintiff
Keezio Group, LLC

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Keezio Group, LLC, | **Case No:** 5:23-cv-06288-NW |
| Plaintiff/Counterclaim Defendant, | **ADMINISTRATIVE MOTION TO SEAL RE PLAINTIFF/COUNTERCLAIM DEFENDANT KEEZIO GROUP, LLC'S CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT SLUMBERPOD LLC'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| SlumberPod LLC, | |
| Defendant/Counterclaim Plaintiff. | HON. NOËL WISE |

TROJAN LAW OFFICES
BEVERLY HILLS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Local Rule 79-5 and this Court's Standing Order, Plaintiff/Counterclaim-Defendant Keezio Group, LLC ("Keezio") respectfully seeks an Order of this Court granting leave to file the following documents under seal in connection with Keezio's cross-motion for summary judgment and opposition to Defendant/Counterclaim-Plaintiff SlumberPod LLC's ("SlumberPod") motion for summary judgment (ECF 117) (collectively, "Cross-Motion").

Keezio hereby seeks an Order of this Court to seal: portions of memorandum in support of the Cross-Motion, portions of the Separate Statement of Disputed and Additional Facts in Support of the Cross-Motion, the **Exhibits 12-15** to the Declaration of R. Joseph Trojan in Support of the Cross-Motion ("Supporting Financial Information").

## I.      INTRODUCTION

A party seeking to meet the "compelling reasons" standard is "required to present articulable facts identifying the interests favoring continued secrecy…and to show that these specific interests overc[o]me the presumption of access by outweighing the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1181 (9th Cir. 2006) (emphasis in original).

The Ninth Circuit instructs that the determination of "[w]hat constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court'" and the court must balance "the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety v. Chrysler Grp.*, *LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38, 196 L. Ed. 2d 26 (2016) (citations omitted).

The materials sought to be sealed contain financial information concerning the sales and costs related to the products in the case that were designated as attorney's eyes only by both Keezio and SlumberPod.

## II.      SUMMARY OF DOCUMENTS SOUGHT TO BE SEALED

TROJAN LAW OFFICES
BEVERLY HILLS

-1-

The Supporting Financial Information is comprised of the following:

1.      **Exhibit 12**: SlumberPod's expert report of Mark Gallagher on damages. "Attorney's Eyes Only" designation by counsel for SlumberPod;

2.      **Exhibit 13:** Excerpts from the deposition transcript of Mark Gallagher. "Attorney's Eyes Only" designation by counsel for SlumberPod;

3.      **Exhibit 14**: Keezio's Rebuttal expert report of Minh Doan on damages. "Attorney's Eyes Only" designation by counsel for Keezio;

4.      **Exhibit 15:** SlumberPod LLC's Patent Local Rule 3-8 Damages Contentions. "Attorney's Eyes Only" designation by counsel for SlumberPod; and,

5.      Portions of the Keezio's memorandum and separate statement in support of the Cross-Motion refer to or quote directly form the above documents.

The Supporting Financial Documents contain pricing information, including the per-unit prices and costs for the products at issue in the instant patent litigation from both parties.

The Parties' pricing data constitute confidential proprietary business information that are among its most valuable business assets. If this information was publicly disclosed, competing suppliers could (a) use that information to offer targeted pricing based on the transaction-level detail contained in the invoices; (b) identify which of Plaintiff's product lines generate the most revenue and are therefore the most attractive targets for copying or undercutting; (c) calculate Plaintiff's profit margins by comparing the wholesale prices on the invoices with publicly available information about raw material costs; and (d) calibrate their own pricing to undercut Plaintiff with precision rather than relying on estimates.

This is the type of information that courts have recognized as protectable. *See, e.g., In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("the common-law right of inspection has bowed before the power of a court to insure that its records are not used ... as sources of business information that might harm a litigant's competitive standing.") (internal quotation omitted).

There is no less restrictive alternative to sealing the financial information at issue. The material sought to be sealed consists of non-public financial information, including revenue,

TROJAN LAW OFFICES
BEVERLY HILLS

-2-

sales, profit, cost, pricing, margin, customer, and/or business-performance data. Disclosure of that information—even in redacted or partial form—would reveal competitively sensitive information concerning the parties' financial condition, business strategy, market position, and commercial performance. Competitors, customers, suppliers, and other market participants could use that information to assess pricing flexibility, profit margins, sales trends, negotiation leverage, product performance, and competitive vulnerabilities.

Targeted redactions are insufficient because the confidential value of the information is not limited to isolated figures or discrete entries. The financial information is interrelated, and disclosure of any portion of it would permit competitors or counterparties to extrapolate sealed information, reverse-engineer confidential business metrics, or draw commercially harmful inferences about the parties' operations. Because the information cannot be disclosed in whole or in part without risking competitive harm, the requested sealing is narrowly tailored to protect legitimate business interests, and no less restrictive alternative would adequately prevent the competitive injury that would result from public disclosure.

## III.    CONCLUSION

Based on the foregoing, Keezio respectfully requests the Court to grant this motion to file the aforesaid documents under seal.

Respectfully submitted,

TROJAN LAW OFFICES
by

May 22, 2026

/s/ R. Joseph Trojan
R. Joseph Trojan, CA Bar No. 137,067
Trojan@trojanlawoffices.com
**TROJAN LAW OFFICES, P.C.**
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348
Attorneys for Plaintiff
Keezio Group, LLC

TROJAN LAW OFFICES
BEVERLY HILLS

-3-