UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEEZIO GROUP,

          Plaintiff,

    v.

SLUMBERPOD, LLC,

          Defendant.

Case No. 23-cv-06288-NW

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION TO STRIKE**

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, MOTION TO VOLUNTARILY DISMISS, AND MOTION TO EXCLUDE**

Re: ECF Nos. 117, 122, 125, 127, 129

Plaintiff Keezio Group, LLC ("Keezio") sued Defendant SlumberPod, LLC ("SlumberPod") for violation of the Lanham Act, false advertising, and unfair competition. SlumberPod answered the complaint and simultaneously filed counterclaims for the alleged infringement of two of its patents: U.S. Patent Nos. 11,617,450 ('450 patent), and 12,048,381 ('381 patent). The Court assumes familiarity with the background of this case, as outlined in the Court's prior orders. *See* ECF No. 72.

Before the Court are the parties' cross motions for summary judgment, Keezio's motion to exclude SlumberPod's expert, Mark Gallagher, and SlumberPod's motion to strike (as untimely filed) Keezio's motion to exclude. ECF Nos. 117, 122, 127, 129. Additionally, Keezio seeks leave of Court to voluntarily dismiss seven of their eight claims. ECF No. 125. SlumberPod opposes Keezio's motion to dismiss and asks the Court to instead grant summary judgment on those claims. All motions are fully briefed, and the Court heard oral argument on July 1, 2026.

For the foregoing reasons, the Court GRANTS in part and DENIES in part SlumberPod's

motion for summary judgment, and DENIES SlumberPod's motion to strike. The Court DENIES Keezio's motion for summary judgment, motion to voluntarily dismiss, and motion to exclude.

## I.    LEGAL STANDARD

A court shall grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), and the court must view the evidence in the light most favorable to the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted). A genuine issue of material fact exists if there is sufficient evidence such that a reasonable jury could return a verdict for the non-moving party. *Id*. at 248. The Court may not weigh the evidence, assess the credibility of witnesses, or resolve issues of fact. *See id*. at 249.

To defeat summary judgment once the moving party has met its burden, the nonmoving party may not simply rely on the pleadings, but must produce significant probative evidence, by affidavit or as otherwise provided by Federal Rule of Civil Procedure 56, supporting the claim that a genuine issue of material fact exists. *TW Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). In other words, there must exist more than "a scintilla of evidence" to support the non-moving party's claims, and conclusory assertions will not suffice. *See Anderson*, 477 U.S. at 252; *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

Similarly, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts" when ruling on the motion. *Scott v. Harris*, 550 U.S. 372, 380 (2007). Where, as here, the parties have filed cross-motions for summary judgment, "[e]ach motion must be considered on its own merits." *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id*.

## II.    MOTIONS FOR SUMMARY JUDGMENT

SlumberPod seeks summary judgment on two grounds: (1) Keezio has infringed the '450

2

patent and the '381 patent; and (2) Keezio has failed to prove its Lanham and state law claims against SlumberPod.  For its part, Keezio opposes SlumberPod's motion, and moves for summary judgment on the grounds that (1) the asserted claims under the '450 and '381 patents are invalid as obvious under 35 U.S.C. § 103; (2) SlumberPod has failed to prove its patent damages; and (3) SlumberPod has failed to prove its trademark and unfair competition claims.  The Court begins with Keezio's request for summary judgment on invalidity grounds—which is a foundational issue—and then turns to SlumberPod's infringement claims, and finally addresses the parties' remaining arguments.

### A.    Invalidity – Obviousness

Keezio asserts, and raises as a defense to allegations of infringement, that the '450 and '381 patents are invalid because the patents are obvious in light of the prior art.  ECF No. 122.  A patent claim is invalid as obvious under 35 U.S.C. § 103 "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains."  35 U.S.C. § 103; *see also KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406–07 (2007).  "Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved.  Against this background, the obviousness or nonobviousness of the subject matter is determined."  *KSR*, 550 U.S. at 406 (citations and quotation marks omitted).  Assessing obviousness is based on an "expansive and flexible approach" that "need not seek out precise teachings directed to the specific subject matter of the challenged claim, for a court can take account of the inferences and creative steps that a person of ordinary skill in the art would employ."  *Janssen Pharms., Inc. v. Teva Pharms. USA, Inc.*, 97 F.4th 915, 925 (Fed. Cir. 2024) (citations omitted).

While the ultimate determination of whether a patent claim is obvious is a question of law, resolving that question requires significant analysis of underlying factual issues.  *Graham v. John Deere*, 383 U.S. 1, 17 (1966).  For example, evaluation of obviousness includes analysis of the scope and content of prior art, the level of ordinary skill in the art, the differences between the

United States District Court
Northern District of California

claimed subject matter and the prior art, and where relevant, objective evidence of nonobviousness such as commercial success or failure of others. *Id*. at 17-18. When facts such as these are in dispute, it is appropriate to "submit the question of obviousness to the jury." *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1547 (Fed. Cir. 1983).

Here, the parties dispute the scope of the prior art, differences between the prior art and the '450 and '381 patents, and the level of ordinary skill in the art required. Thus, there are genuine issues of material fact regarding whether the '450 and '381 patents are obvious in light of the prior art. The Court finds that these factual questions of obviousness should be submitted to a jury. *Id*. Keezio's motion for summary judgment on invalidity grounds is DENIED.

**B.    Infringement**

In its motion for summary judgment, SlumberPod argues that Keezio infringed the '450 and '381 patents. A determination of patent infringement involves two steps. "The first step is determining the meaning and scope of the patent claims asserted to be infringed. The second step is comparing the properly construed claims to the device accused of infringing." *Markman v. Weatview Instr., Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (citations omitted). Claim construction is a matter of law, and the Court has already construed the claims at issue. *See* Claim Construction Order, ECF No. 72. But whether a claim encompasses the accused product is a question of fact. *Instiuform Techs., Inc. v. Cat Contracting, Inc.*, 161 F.3d 688, 692 (Fed. Cir. 1998). Questions of infringement are properly resolved upon summary judgment only if no reasonable jury could differ as to whether the accused product contains elements identical or equivalent to each element of the asserted claims. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 38 (1997).

Here, the Court finds that a reasonable jury could differ as to whether the accused product contains identical or equivalent elements to the asserted claims. The parties present conflicting expert reports regarding whether, for example, Keezio's DayDreamer product has a compartment that provides "visual access" as recited in the asserted claims. The parties dispute what the experts considered and the conclusions drawn from their respective reports. These are factual disputes that will be resolved by the jury. The Court DENIES SlumberPod's motion for summary judgment on infringement grounds.

Because SlumberPod's trademark and unfair competition claims largely draw upon SlumberPod's patent infringement claims, the Court likewise finds that those claims are appropriately addressed by the jury and accordingly, DENIES Keezio's request for summary judgment on those claims.

### C.    Damages

Keezio asks the Court to grant summary judgment because SlumberPod failed to prove that Keezio's sales directly caused SlumberPod's losses.  Again, this is a question of fact for the jury.  SlumberPod has produced significant probative evidence via deposition testimony and exhibits submitted by declaration, which show that SlumberPod's sales decreased "almost immediately" after Keezio brought its products to market.  ECF No. 131 at 14; ECF No. 132-5.  SlumberPod has adequately shown that a genuine issue of material facts exists as to damages. *TW Elec. Serv., Inc.*, 809 F.2d t 630.   Keezio's motion for summary judgment on damages grounds is DENIED.

### D.    Lanham Act and State Law Claims

In its motion, SlumberPod seeks summary judgment on Keezio's Lanham Act and state law claims (Keezio's Claims 1 through 7).  Keezio does not oppose SlumberPod's motion on the merits.  Instead, after nearly three years of litigation, Keezio seeks leave of Court under Federal Rule of Civil Procedure 41(a)(2) to voluntarily dismiss their Lanham Act and state law claims.  ECF No. 125.  SlumberPod opposes Keezio's motion to dismiss, arguing that Keezio's request comes too late in the case and substantially prejudices SlumberPod.  The Court agrees.  The Court notes that during the July 1, 2026 hearing, counsel for Keezio stated that even though it did not explicitly agree to a dismissal with prejudice in its May 22, 2026 motion to dismiss—and did not agree to entry of judgment in favor of SlumberPod because it could subject Keezio to pay SlumberPod's attorney's fees—Keezio agrees to dismiss these claims with prejudice.  Given that there is no dispute of material fact, the Court GRANTS SlumberPod's motion for summary judgment on Keezio's Lanham Act and state law claims (Claims 1 through 7).  The Court DENIES Keezio's motion to dismiss as moot.

### III.    MOTION TO EXCLUDE AND MOTION TO STRIKE

Keezio moves to exclude the opinions of SlumberPod's expert, Mark Gallagher, "because

United States District Court
Northern District of California

they are not based on sufficient facts or data, do not apply a reliable methodology to the facts of this case, and improperly assume key elements of SlumberPod's damages burden." ECF No. 127 at 1. SlumberPod argues in opposition that Keezio does not identify a defect in Mr. Gallagher's methodology. The Court agrees. "While evidence that 'suffer[s] from serious methodological flaws . . . can be excluded,' courts are not permitted to 'determine the veracity of the expert's conclusions at the admissibility stage.'" *Teradata Corp. v. SAP SE*, 124 F.4th 555, 566 (9th Cir. 2024) (citations omitted). Keezio has not demonstrated that Mr. Gallagher's methodology suffers from serious flaws. Instead, Keezio primarily challenges Mr. Gallagher's assumptions that serve as support for his opinions. If Keezio believes Mr. Gallagher's opinions are not credible or sufficiently supported by his assumptions, Keezio should cross examine him accordingly; exclusion is not the proper "remedy." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010), as amended (Apr. 27, 2010) (if evidence is shaky but admissible, it "is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion."). The Court DENIES Keezio's motion to exclude and DENIES SlumberPod's motion to strike as moot.[1]

## IV. CONCLUSION

The Court GRANTS in part and DENIES in part SlumberPod's motion for summary judgment, and DENIES its motion to strike. The Court DENIES Keezio's motion for summary judgment, motion to voluntarily dismiss, and motion to exclude.

**IT IS SO ORDERED.**

Dated: July 2, 2026

Noël Wise
United States District Judge

---

[1] SlumberPod filed a motion to strike Keezio's *Daubert* motion as untimely. ECF No. 129. SlumberPod is correct that Keezio filed their motion 12 days after the deadline, initially without any explanation for the delay, and without seeking leave of Court to file their motion late. In their briefing and at the July 1, 2026 hearing, Keezio's counsel acknowledged the late filing, and that he misunderstood the Court's scheduling order and should have sought leave for the untimely filing. The Court exercises its discretion and rules on the substance of the motion, which was fully briefed.