United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KEEZIO GROUP,

Plaintiff,

v.

SLUMBERPOD, LLC,

Defendant.

Case No. 23-cv-06288-PHK

**TRIAL ORDER**

In advance of the trial set to begin on October 14, 2026, the Court issues the following Order:

## I. JOINT FINAL PRETRIAL CONFERENCE STATEMENT

The Parties shall file a Joint Final Pretrial Statement containing the information listed below. To comply with this requirement, trial counsel shall meet and confer promptly starting as of the date of this Order. The Statement is due on September 8, 2026. [Dkt. 173]. The Statement **SHALL** include the following:

### A. The Action

#### 1. Substance of the Action

A brief description of the substance of claims and defenses which remain to be decided, including a list of the claims and defenses to be tried. In addition, each Party shall attach to the Statement the elements of proof for any claim and/or defense which they assert (such as taken from a Ninth Circuit Jury Instruction or (for patent issues) a Northern District of California Patent Jury Instruction), and a brief summary of evidence (no longer than two sentences) anticipated to prove the same. Failure to identify claims and/or defenses may result in those claims and/or defenses being dismissed or waived.

**2. Relief Prayed**

A statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as a list of likely witnesses and a summary of documents or other evidentiary material to be presented concerning the amount of those damages.

**B. The Factual Basis of the Action**

**1. Undisputed Facts**

A plain and concise statement of all relevant facts not in dispute, as well as all facts the Parties will stipulate for admission into the trial record without the necessity of supporting testimony or exhibits.

**2. Disputed Factual Issues**

A plain and concise statement of all disputed factual elements of a claim which remain to be decided.

**3. Agreed Statement**

A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

**4. Stipulations**

A statement of stipulations requested or proposed for pretrial or trial purposes.

**C. Disputed Legal Issues**

**1. Points of Law.**

Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions setting forth the nature of each Party's contentions concerning each disputed point of law, including procedural and evidentiary issues. Supporting statutes and decisions and the Parties' contentions regarding the same shall be brief and provided in an outline or bullet-point format.

**D. Further Discovery or Motions**

A statement of any remaining discovery and why the same was not completed by the cutoff dates and identifying any pending motions (for clarity, the Court is currently unaware of any pending motions).

**E. List of Each Party's Motions in Limine**

This list shall include only contested, non-duplicative motions.

**F. Trial Alternatives and Options**

**1. Settlement Discussions**

A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

**2. Amendments, Dismissals**

A statement of requested or proposed amendments to pleadings or dismissals of Parties, claims, or defenses and any objections thereto. Note that on the first day of trial, if applicable, any unnamed "Doe" Parties will be administratively dismissed by automatic operation of and pursuant to this Order.

**3. Bifurcation, Separate Trial of Issues**

A statement of whether bifurcation or a separate trial of specific issues is feasible and desired, and any objections thereto.

**G. Proposed Order Re: Trial Stipulations**

During the meet and confer process, the Court expects that the Parties will agree to a variety of stipulations regarding the conduct of the trial. A Proposed Order outlining all such stipulations shall be presented to the Court.

**H. Witness List**

The Parties have already submitted their Witness Lists with summaries of the Substance of Testimony for each and Estimated Time in hours for each. [Dkt. 157]. The Court **ORDERS** that the Parties shall be held to these estimates and witness lists. Witnesses not included on the list [Dkt. 157] will be excluded from testifying unless the Court orders otherwise.

In the Statement, the Parties shall specify for each witness whether the plan is to present by live testimony, video deposition, or reading of a deposition transcript. The Statement shall also identify any previously listed witness [Dkt. 157] who the sponsoring Party is dropping from its witness list and now no longer plans to provide testimony at trial. The Statement shall indicate whether the opposing Party plans to call any such dropped witness instead. A Party may not rely

United States District Court
Northern District of California

on an opposing Party's identification of a witness for their own case in chief. That is, should a Party need to call a given witness at trial, they must take appropriate steps to secure that witness's attendance at trial (whether by stipulation, formal subpoena or other process, or other appropriate measures).

Trial notices and subpoenas for witnesses should be issued as necessary and in a timely manner. The Parties shall either issue trial notices to witnesses controlled by the other Party or stipulate as to the manner of notification that the witness is being called. Each Party is responsible for the attendance of its witnesses under its control. To the extent any third party witnesses have been or are to be subpoenaed, the subpoenaing Party shall also identify to the Court any anticipated issues or motions practice that may be required to secure compliance with any such subpoena.

**I. Expert Witness List**

The Parties' Joint Witness List also included a list of all expert witnesses with a summary of the substance of their testimony. [Dkt. 157]. As with fact witnesses, expert witnesses not included on the list will be excluded from testifying unless the Court orders otherwise. The Statement shall include the current curriculum vitae for each expert witness expected to testify at trial. If the expert has prepared a report in preparation for the testimony (presumably provided to the opposing Party during expert discovery), a copy thereof shall be furnished to the Court. If the expert was deposed during expert discovery, a copy of the deposition transcript in condensed format (four pages per page) shall be furnished to the Court as well.

**J. List of Discovery Excerpts, Audios, and Videos**

The Parties shall list (i) those excerpts from depositions, from interrogatory answers, or from responses to requests for admission (other than those solely for impeachment of rebuttal) and (ii) any other audio or video likely to be used at trial.

Prior to submitting the list, the Parties shall meet and confer and attempt to resolve any disagreements regarding designations or counter-designations. The Parties shall (i) identify any remaining legal objections to the excerpts on the list itself, and (ii) attach in a separate index copies of the disputed excerpts/transcripts so that the Court can review the disputed materials. The Parties should consult the Appendix for a suggested format of the List of Discovery/Audio/Video Excerpts.

Each disputed designation shall be separately numbered and shall correspond to the materials provided to the Court for resolution of the dispute. Further, the designations shall be highlighted, underlined, or otherwise marked for ease of the Court's reference and contain sufficient contextual information.

The Parties shall provide a single Proposed Order with each disputed designation which will allow the Court to rule whether permission to use each is granted, granted with modification, or denied. The Appendix contains a suggested format of a chart to be contained within such Proposed Order Re: Discovery Excerpts.

The Parties are advised that the Court will not resolve more than five pages of disputed excerpts (in total) and the Parties must give the Court sufficient information to resolve the dispute, including information on the deponent and any context for the dispute. However, the Parties can provide a representative sample to obtain guidance from the Court so that the Parties can resolve their disputes independently.

**K. Trial Time in Hours**

The Parties have previously provided their time estimates for the total number of hours requested for the trial for each side: Slumberpod at 28 hours and Keezio at 26 hours. [Dkt. 157]. The Court set the trial schedule to accommodate these trial time limits and the Court will hold the Parties to these time limits.

The Parties will be required to keep track of their time each day, account for all available hours the jury is available (irrespective of whether the Parties elect to use all available hours), and shall report the daily and cumulative elapsed time (which shall be agreed upon or stipulated) for each side to the Courtroom Deputy at the end of each day. Except for voir dire, all time on the record counts against each Party's time limits and should be accounted for, including but not limited to opening statements, direct and cross-examination, objections, responses to objections, sidebars, argument outside the presence of the jury, and closing arguments. If Plaintiff or Defendant does not use all their hours, the other side will not get additional hours, nor will their hours be reduced.

The Court assesses hardships in part on the trial's expected length (*e.g.*, a potential juror will not be excused for a pre-paid vacation or medical appointment that is scheduled beyond the trial

estimate). Accordingly, the Court will enforce the trial hours.

### L. Binding Effect of the Joint Pretrial Statement

The Joint Pretrial Statement described above must include the following language directly above the signature lines: *The Parties have made the forgoing admissions and set forth the remaining issues of fact and law to be litigated at trial. This Joint Pretrial Statement supplements the Parties' pleadings and, along with the Court's orders, governs the course of trial of this case.*

### M. Pretrial Conference Attendance

The Final Pretrial Conferences will be held in person. Lead counsel who will try the case must attend the pretrial conference and be prepared to address all aspects of trial. This includes the substance of all documents, arguments, and issues set forth in this order. As noted in the Court's Standing Civil Order, the Court encourages Parties to provide opportunities for less experienced lawyers to have meaningful roles in trial and pre-trial proceedings.

## II. JURY SELECTION

### A. Online Questionnaire

The Court will send an online questionnaire to prospective jurors before jury selection. The Parties may submit a list of up to 10 agreed-upon questions to be asked in the questionnaire.

Questions with sub-parts and questions formatted to collect information in tables (like listing the occupations a potential juror has had for the last 10 years, prior jury service, or a table of family member information) are not supported by SurveyMonkey, the program used for developing and distributing the online questionnaire. To see how questions in these categories have been asked previously, please see the standard questionnaire.

Accepted answer formats include check boxes (like for witness lists), multiple choice answers, comment or text boxes, and multi-line answers with a drop-down menu. The question/answer format should mainly be very simple.

The Parties must use no formatting at all in the document they submit to the Court. This means that questionnaires should not be on pleading paper, but in an unformatted WORD document. Questions should not be indented or numbered, and the answers should not be bulleted, lettered, or otherwise structured in any way. The question should be on one line, and the answers should be

listed on separate lines below the question. There should be a blank line between questions.

**B. In Court**

In civil jury cases, there are no alternate jurors, and the jury is typically seated as follows. At the outset, 18 potential jurors are called and seated in the jury box and front courtroom bench in the order their names are drawn. This placement will determine their order in the selection process. The Court will first conduct its voir dire of the entire panel (not just the seated 18) to determine any unresolved or new requests for excusals based on hardships. Jurors excused from the seated 18 will be replaced from those drawn from the panel. The Court will voir dire the replacement jurors for hardship and replace any others excused for hardship from the panel. The Court will then voir dire the seated final 18 for cause. Afterwards, the Parties will be allowed a brief follow-up voir dire (15 minutes each). Once all voir dire is completed, the Court will address all challenges for cause and excuse those potential jurors who have been successfully challenged.

After a short recess, each side may exercise its allotment of peremptory challenges. The default number of peremptory challenges per Party or side is three. The Parties will exercise their peremptories in alternating order. Any Party that passes will be deemed to have used a challenge. The eight surviving the challenge process with the lowest numbers become the final jury. Once the jury selection is completed, the jurors' names will be read again, and they will be seated in the jury box and sworn in. The Court may alter the above procedure in its discretion.

Jurors may take notes. Note pads will be distributed at the beginning of trial. The pads will remain in the jury room at the end of each day. Jurors will be instructed on the use of notes both in the preliminary and final jury instructions.

## III. OPENING STATEMENTS

Each side may be subjected to a predetermined time limit for its opening statement. Prior to the first day of trial, the Parties must cooperate and meet and confer to exchange any visuals, graphics, or exhibits to be used in the opening statements, allowing for time to work out objections and any reasonable revisions at least one court day in advance of trial. Parties should be prepared to give opening statements as soon as the jury is sworn.

## IV. WITNESSES

Trial shall conclude at 4:00 p.m. each day. By 5:30 p.m., Parties shall exchange a list of witnesses each Party expects to call during the next immediately following full court day and the exhibits that will be used on direct and cross-examination (other than for impeachment of an adverse witness). By 7:30 p.m. that same day, opposing Parties shall provide any objections to such exhibits in writing and further shall provide a list of all exhibits to be used with the same witnesses on cross-examination (other than for impeachment). The Parties shall have until 8:30 p.m. to provide replies to any objections. By 8:30 p.m., the Parties shall jointly submit to phkpo@cand.uscourts.gov the final list of witnesses and exhibits, as well as all objections and responses to objections, expected to be called and used the next day. The Parties should be prepared to discuss all objections at 8:30 a.m. the following trial day. The first witness list, exhibit list, and notice of objections shall be provided one court day prior to the first day of trial.

Parties should always have their next witness ready and in the Courthouse. Failure to have the next witness may constitute resting.

Parties are expected to cooperate with each other in the scheduling and production of witnesses. Witnesses may be taken out of order if necessary. Every effort shall be made to avoid calling a witness twice (as an adverse witness and later as a party's witness).

There can only be one lawyer per witness per Party for all purposes. If a junior lawyer will be responsible for a witness, the junior lawyer may briefly confer with a more senior lawyer during direct or cross examination, but absent leave of Court, only the junior lawyer will speak to the witness or the Court, including for objections.

If a witness is testifying at the time of a recess or adjournment and has not been excused, the witness shall be seated back on the stand when court reconvenes. If a new witness is to be called immediately following recess or adjournment, the witness should be seated in the front row, ready to be sworn.

Immediately before each new witness takes the stand, counsel calling the witness shall place on the witness stand a binder or organized collection of clearly marked copies of each exhibit (separated by labelled tabs) that counsel expects to have the witness refer to during his or her direct

United States District Court
Northern District of California

examination. Immediately before beginning cross-examination, counsel conducting cross-examination shall do the same with any additional exhibits to be referenced on cross.

If counsel intends to have the witness draw diagrams or put markings on visual exhibits or diagrams prepared by the Party calling the witness, the witness shall do so before taking the stand. Once on the stand, the witness shall adopt the diagrams and/or markings and explain what they represent. If the diagram or visual exhibit is prepared by the opposing party, the witness shall not make any markings on the diagram or visual exhibit without leave of the Court.

Once the cross-examination of a witness has commenced, and until cross-examination of the witness has concluded, counsel offering the witness on direct examination must not: (a) consult or confer with the witness regarding the substance of the witness's testimony already given, or anticipated to be given, except for the purpose of conferring on whether to assert a privilege against testifying or on how to comply with a court order; or (b) suggest to the witness the manner in which any questions should be answered. Once cross-examination has concluded, counsel is permitted to confer with the witness before redirect examination begins.

A witness not listed in the joint pretrial conference statement may not be called without good cause. This rule does not apply to true rebuttal witnesses (other than experts). Defense witnesses are normally considered case-in-chief witnesses, not "rebuttal" witnesses. An exhibit not listed in the Joint Exhibit List, a Party Exhibit List, the final index of all exhibits (referenced in the Pretrial Conference Order, Dkt. 169 at 6), or the table of contents of final exhibit binders (referenced in the Pretrial Conference Order, Dkt. 169 at 6) may not be used without good cause or Court order.

## V. USE OF DEPOSITIONS TO IMPEACH OR SHORT READ-INS

Depositions used at trial for impeachment shall comply with the following procedure:

a. On the first day of trial, bring the original and clean copies of any deposition(s) intended to be used. A sealed original copy shall be provided to the Judge.

b. The first time a deposition is read, counsel should state the deponent's name, the date of the deposition, and the name of the lawyer asking the question. If the deposition was a Rule 30(b)(6) deposition, counsel should so state.

c. When counsel reads a passage into the record, counsel should simply say, for

United States District Court
Northern District of California

example, "I wish to read in page ____, lines ____ to ____ from the witness's deposition." A brief pause will be allowed for any objection.

d. Counsel should then proceed by stating "question" and reading the question exactly, then stating "answer" and reading the answer exactly. Stating "question" and "answer" is necessary so that the court reporter, the Court, and the jury (in a jury trial) can follow who was talking at the deposition.

e. Rather than reading a passage, counsel is free to play a videotaped version of the passage, but counsel must have a system for immediate display of the precise passage.

## VI. DEPOSITION DESIGNATIONS

The following procedure applies only to witnesses who appear by deposition. It does not apply to live witnesses whose depositions are read in while they are on the stand. To prepare designated deposition testimony, counsel shall photocopy the cover page, the page where the witness is sworn, and each page from which any testimony is proffered, including pages containing a counter-designation made by opposing counsel. Counsel should redact objections or colloquy unless needed to understand the question. In addition, counsel should redact any testimony that has not been designated or any testimony to which an objection has been made and sustained by the Court. Any corrections must be interlineated and references to exhibit numbers must conform to the trial numbers. The finished packet should then be the actual script and should smoothly present the identification and swearing of the witness and testimony desired.

Counsel is free to play a videotaped version of any deposition testimony, but counsel must have a system for immediate display of the precise testimony omitting any properly redacted passages.

## VII. OBJECTIONS

Counsel shall stand when making objections and briefly state the basis of the objection. Counsel shall not make speaking objections. There can be only one lawyer per witness per party for all purposes, including objections. Sidebar conferences are discouraged. The procedures outlined in these guidelines should eliminate the need for most sidebars. To maximize jury time, the Parties must alert the Court in advance of any problems that will require discussion outside the presence of

United States District Court
Northern District of California

the jury so that the conference can be held before court begins or after the jury leaves for the day.

## VIII. SETTLEMENTS AND CONTINUANCES

Shortly before trial or a Final Pretrial Conference, Parties occasionally wish jointly to advise the Courtroom Deputy that a settlement has been reached and seek to take the matter off calendar, but it turns out later that there was only a settlement "in principle" and disputes remain. Cases, however, cannot be taken off calendar in this manner. Unless and until a legally binding, final settlement is reached, all Parties must be prepared to proceed with the Final Pretrial Conference as scheduled and to proceed to trial on the trial date, or face dismissal of the case for lack of prosecution or entry of default judgment.

To facilitate settlement, the Court is available to place the material terms of a settlement on the record. Only an advance continuance expressly approved by the Court will release Parties from their obligation to proceed to trial. If Parties expect that a settlement will be final by the time of trial or the Final Pretrial Conference, they should notify the Court immediately in writing or, if it occurs over the weekend before the trial or conference, by email and voicemail to the Courtroom Deputy. The Court will attempt to confer with the Parties as promptly as circumstances permit to determine if a continuance will be in order or if it can assist the Parties in putting the settlement on the record. Pending such a conference, however, Parties must prepare and make all filings and be prepared to proceed with trial.

Civil Local Rule 40-1 provides that jury costs may be assessed as sanctions for failure to provide the Court with timely written notice of a settlement. Please be aware that any settlement reached on the day of trial, during trial, or at any time after the jury or potential jurors have been summoned will normally require the Parties to pay juror costs.

## IX. MISCELANEOUS

During trial, Parties may wish to use equipment for the visual presentation of materials, *e.g.*, displays, overhead projectors, computer graphics, or posters. The United States Marshal requires a court order to allow equipment into the Courthouse. Parties should be prepared to fix any equipment, if necessary.

Should a daily transcript and/or real-time reporting be desired, the Parties shall make

arrangements with Court Reporting Services. Parties must submit requests for daily transcripts or real-time rough transcript reporting at least 14 calendar days before the first day of trial.

If any witness will require an interpreter at trial and there is no certified court interpreter available to translate in the appropriate language, counsel must notify Judge Kang's Courtroom Deputy at least 21 days before the commencement of trial at (415) 522-4074 and contemporaneously by email sent to phkcrd@cand.uscourts.gov.

Trial briefs are optional, but any party wishing to file a trial brief must do so at least 14 calendar days prior to the commencement of trial, with a courtesy copy delivered to the Court.

No exhibits, demonstrative or otherwise, shall be shown or published to the jury without stipulation of counsel or prior Court approval (such as exhibits which are deemed preadmitted per the procedure in the Pretrial Conference Order).

The Court strongly encourages the Parties to permit junior lawyers to examine witnesses, present a Party's positions at conferences or at trial, and to have an important role at trial. *See* Civil Standing Order at § XII.

At the conclusion of the trial, each Party must retain its exhibits throughout the appellate process. It is each Party's responsibility to arrange with the Office of the Clerk of Court to file the record on appeal.

The Court expects all Parties to meet and confer promptly, reasonably, and in good faith, in order to achieve the goals of reducing costs of trial for all involved. *See* Fed. R. Civ. P. 1 (parties are to construe and employ the rules to secure the just, speedy, and inexpensive determination of every action and proceeding). This requires that all Parties comply independently, and simultaneously, then jointly. Any breakdown in the meet and confer process should be reported so the Court may take action well in advance of the Pretrial Conference.

If any Party is confused about any requirement of this Order, they should contact the Court through the Courtroom Deputy so that the Court can provide clarity. Inquiries should be submitted without delay.

/ / /

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: August 26, 2026

PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

# APPENDIX

## Sample List of Discovery/Audio/Video Excerpts

**Name of Witness:** *Description including whether the person is a Party or employee of a Party or third party as the status may affect whether testimony is proper under the Federal Rules of Evidence.*

| No. | Form of Excerpt | Designation in Dispute | Legal Objection | Response to Objection |
|---|---|---|---|---|
| **1.** | | | | |
| **2.** | | *See . . .* | *For context* | |
| | | | | |

## Sample Proposed Order Re: Discovery/Audio/Video Excerpts

| No. | Form of Excerpt | Designation in Dispute | Court's Ruling |
|---|---|---|---|
| **1.** | | | |
| **2.** | | | |
| | | | |