R. Joseph Trojan, CA Bar No. 137,067
Trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
Dang@trojanlawoffices.com
Francis Z. Wong, CA Bar No. 284,946
Wong@trojanlawoffices.com
**TROJAN LAW OFFICES, P.C.**
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348
Attorneys for Plaintiff
Keezio Group, LLC

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Keezio Group, LLC,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>SlumberPod LLC,<br><br>Defendant/Counterclaim Plaintiff. | **Case No:** 3:23-cv-06288-PHK<br><br>**DEFENDANT KEEZIO GROUP, LLC'S CONCISE STATEMENT AND PROPOSED SPECIAL VERDICT FORM** |

TROJAN LAW OFFICES
BEVERLY HILLS

Pursuant to the Court's August 14, 2026 Pretrial Order (Dkt. 169), Defendant Keezio Group, LLC ("Keezio") submits its proposed special verdict form. Keezio reserves the right to amend the verdict form.

**CONCISE STATEMENT IN SUPPORT OF KEEZIO'S VERDICT FORM**

Keezio's proposed verdict form is shorter and more concise than SlumberPod's proposed verdict form. Whereas SlumberPod's proposed verdict form contains 22 questions, Keezio's has 12 questions. Further, Keezio has structured its proposed verdict form more logically by asking the jury to consider validity first because if the jury finds that the patents are invalid then it will not need to make other findings of facts.

If the jury decides that damages are necessary, then Keezio's verdict form asks the jury to consider the factors for a lost profits under *Panduit Corp. v. Stahlin Bros. Fibre Works*, 575 F.2d 1152, (6th Cir. 1978). Breaking out these factors individually will help the jury to give due weight to each factor.

Likewise, the verdict form presents the factors for determining reasonable royalty under *Georgia-Pacific* to ensure the jury appropriately considers all relevant factors.

TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

## I. FINDINGS ON VALIDITY AND INFRINGEMENT

### A. U.S. PATENT NO. 11,617,450 — CLAIM 1

**Question 1**

Has Keezio proven by clear and convincing evidence that each of the asserted claims of the ’450 patent are obvious over any of the following combinations of prior art references?

La Mantia, U.S. Patent No. 4,945,584

Neveling, U.S. Patent No. 9,549,621

Sumner, U.S. Patent No. 7,677,260

| Claim No. | Yes | No |
|---|---|---|
| Independent Claim 1 | | |
| Dependent Claim 7 | | |
| Dependent Claim 15 | | |
| Dependent Claim 18 | | |

If Yes to all, do not answer Questions 2-3, proceed to Question 4.

If No to any, proceed to Question 2.

**Question 2**

Has SlumberPod proven that it is more likely than not that **every requirement of the following claims of the ’450 patent** is included in Keezio’s accused DayDreamer product?

| Claim No. | Yes | No |
|---|---|---|
| Independent Claim 1 | | |
| Dependent Claim 7 | | |

| | | |
|---|---|---|
| **Dependent Claim 15** | | |
| **Dependent Claim 18** | | |

If No to all, do not answer Question 3, proceed to Question 4.

If Yes to any, proceed to Question 3.

**Question 3**

If you found that Keezio infringed the ’450 patent, has SlumberPod proven that it is more likely than not that Keezio **actually knew, intentionally ignored, or recklessly disregarded that its actions constituted infringement** of the ’450 patent?

**Yes _____ No _____**

Proceed to Question 4

**B. U.S. PATENT NO. 12,048,381 — CLAIM 1**

**Question 4**

Has Keezio proven by clear and convincing evidence that each of the asserted claims of the ’381 patent are obvious over any of the following combinations of prior art references?

La Mantia, U.S. Patent No. 4,945,584

Neveling, U.S. Patent No. 9,549,621

Sumner, U.S. Patent No. 7,677,260

| **Claim No.** | **Yes** | **No** |
|---|---|---|
| **Independent Claim 1** | | |
| **Dependent Claim 3** | | |

| | | |
|---|---|---|
| **Dependent Claim 10** | | |
| **Dependent Claim 12** | | |
| **Dependent Claim 17** | | |

If Yes to all, do not answer Questions 5-6, proceed to question 7.

If No to any, proceed to Question 5.

**Question 5**

Has SlumberPod proven that it is more likely than not that **every requirement of the following claims of the ’381 patent** is included in Keezio’s accused DayDreamer product?

| **Claim No.** | **Yes** | **No** |
|---|---|---|
| **Independent Claim 1** | | |
| **Dependent Claim 3** | | |
| **Dependent Claim 10** | | |
| **Dependent Claim 12** | | |
| **Dependent Claim 17** | | |

If No to all, do not answer Question 6, proceed to Question 7.

If Yes to any, proceed to Question 6.

**Question 6**

If you found that Keezio infringed Claim 1 of the ’381 patent, has SlumberPod proven that it is more likely than not that Keezio **actually knew, intentionally ignored, or recklessly disregarded that its actions constituted infringement** of the ’381 patent?

**Yes** _____ **No** _____



TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

Proceed to Question 7.

## II. LOST PROFITS[1]

**Answer this section only if you answered "Yes" to Question 2 or Question 5.**

**Question 7**

Has SlumberPod proven that it is more likely than not that there was demand for a product embodying the patented invention?

**Yes _____ No _____**

If No, do not answer Questions 8 through 11; proceed to Question 12.

If Yes, proceed to Question 8.

**Question 8**

Has SlumberPod proven that it is more likely than not that:

(a) there were no acceptable non-infringing substitutes for the sales for which it seeks lost profits; **or**

(b) if acceptable non-infringing substitutes existed, SlumberPod nevertheless would have made the sales for which it seeks lost profits despite the availability of those substitutes?

**Yes _____ No _____**

If No, do not answer Questions 9 through 11; proceed to Question 12.

If Yes, proceed to Question 9.

**Question 9**

Has SlumberPod proven that it is more likely than not that it had the manufacturing and marketing capacity to make the additional sales for which it seeks lost profits?

**Yes _____ No _____**

---

[1] Subject to Motion *in Limine* and scope of verdict form may change.

If No, do not answer Questions 10 and 11; proceed to Question 12.

If Yes, proceed to Question 10.

**Question 10**

Has SlumberPod proven with reasonable certainty the amount of profit it would have made on the additional sales it contends it would have made but for Keezio's infringement?

**Yes _____ No _____**

If No, do not answer Question 11; proceed to Question 12.

If Yes, proceed to Question 11.

**Question 11**

What lost profits, if any, has SlumberPod proven it more likely than not suffered as a result of sales that SlumberPod would, with reasonable probability, have made **but for Keezio's infringement**?

**$________________________________**

Do not include damages that are remote or speculative. Proceed to Question 12.

## III. REASONABLE ROYALTY[2]

**Answer this section if you answered "Yes" to Question 2 or Question 5.**

**Question 12**

For any infringing sales for which you did not award lost profits in Question 13, determine a reasonable royalty that would fairly and adequately compensate SlumberPod for Keezio's infringement of Claim 1 of the '450 patent and/or Claim 1 of the '381 patent.

**A. Factors To Consider for a Reasonably Royalty**

[2] Subject to Motion *in Limine* and scope of verdict form may change.



TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

Which, if any, of the following factors has SlumberPod established by a preponderance of the evidence as relevant to the reasonable royalty? Check all that apply. You need not find that every factor applies.

_____ 1. Royalties SlumberPod has received for licensing the patent(s) in suit, showing or tending to show an established royalty.

_____ 2. Rates Keezio has paid for licenses to other patents comparable to the patent(s) in suit.

_____ 3. The nature and scope of the hypothetical license, including whether it would be exclusive or nonexclusive and any territorial or customer restrictions.

_____ 4. SlumberPod's established policy and marketing program concerning licensing its patented technology, including whether it generally sought to maintain exclusivity or licensed only under special conditions.

_____ 5. The commercial relationship between SlumberPod and Keezio, including whether they are competitors in the same territory and line of business.

_____ 6. The effect that sales of the patented product had in promoting sales of SlumberPod's other products, including any convoyed or derivative sales.

_____ 7. The remaining duration of the patent(s) and the term of the hypothetical license.

_____ 8. The established profitability, commercial success, and current popularity of products made under the patent(s).

_____ 9. The utility and advantages of the patented invention over prior products, methods, or devices used to achieve similar results.

_____ 10. The nature of the patented invention, the character of the commercial embodiment, and the benefits of the invention to users.

_____ 11. The extent to which Keezio used the patented invention and evidence showing the value of that use.

_____ 12. The portion of profit or selling price that is customary in the business, or in comparable businesses, to allow for use of an invention or comparable inventions.

_____ 13. The portion of the realizable profit attributable to the patented invention, as distinguished from non-patented elements, manufacturing processes, business risks, or other features or improvements added by Keezio.

_____ 14. The opinion testimony of qualified experts concerning an appropriate royalty.

_____ 15. The amount that SlumberPod and Keezio would have agreed upon at the time infringement began if both had reasonably and voluntarily negotiated a license—that is, an amount Keezio would have been willing to pay while still earning a reasonable profit and SlumberPod would have been willing to accept.

_____ None of the above.

**B. Reasonable Royalty Amount**

Based on the evidence and the factors you found applicable above, what amount of reasonable royalty rate, if any, has SlumberPod proven by a preponderance of the evidence?

_________________________________%

Based on the evidence and the factors you found applicable above, what amount of reasonable royalty damages, if any, has SlumberPod proven by a preponderance of the evidence?

$_________________________________

Do not award damages twice for the same infringing sale. Do not include damages that are remote or speculative.

## IV. SIGNATURE



TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

You have now reached the end of the Verdict Form. Please review your answers to ensure that they accurately reflect your unanimous determinations.

The Presiding Juror should sign and date the Verdict Form below and notify the Courtroom Deputy that you have reached a verdict.

Dated: ___________________________

______________________________
Presiding Juror

Dated: September 8, 2026

Respectfully submitted,

By:

/s/R. Joseph Trojan
R. Joseph Trojan, CA Bar 137,067
Dylan C. Dang, CA Bar 223,455
Francis Z. Wong, CA Bar No. 284,946
TROJAN LAW OFFICES, P.C.
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

Attorneys for Defendant
Keezio Group, LLC