Dana J. Finberg (SBN 257459)
O'HAGAN MEYER, PLLC
1 Embarcadero Center, Suite 2100
San Francisco, CA 94111
T: (415) 578-6902
F: (415) 578-6910
dfinberg@ohaganmeyer.com

James R. VanCamp Jr. (Pro Hac Vice)
O'HAGAN MEYER, PLLC
1717 Arch Street, Suite 3910
Philadelphia, PA 19103
T: (215) 461-3341
F: (215) 461-3311
jvancamp@ohaganmeyer.com

William A. McKenna (Pro Hac Vice)
WOODARD, EMHARDT, HENRY, REEVES & WAGNER, LLP
111 Monument Circle, Suite 3700
Indianapolis, IN 46204
T: (317) 713-4974
F: (317) 637-7561
wmckenna@uspatent.com

***Attorneys for Defendant/Counterclaim Plaintiff SlumberPod LLC***

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

KEEZIO GROUP, LLC, a California limited liability company,

Plaintiff/Counterclaim Defendant,

v.

SLUMBERPOD LLC, a Delaware limited liability company,

Defendant/Counterclaim Plaintiff.

Case No. 3:23-cv-06288-PHK

**DEFENDANT/COUNTERCLAIM PLAINTIFF SLUMBERPOD LLC'S PROPOSED VERDICT FORM**

Pursuant to the Court's August 14, 2026 Pretrial Order (ECF 169), Defendant/Counterclaim Plaintiff SlumberPod LLC ("SlumberPod"), by counsel, hereby submits its Proposed Verdict Form.

**SLUMBERPOD'S PROPOSED VERDICT FORM**

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this Court as our verdict in this case.

## I. FINDINGS ON INFRINGEMENT CLAIMS

(The questions regarding infringement should be answered regardless of your findings with respect to the validity or invalidity of the patents.)

***A. Direct Infringement***

1. Has SlumberPod proven that it is more likely than not that every requirement of independent claim 1 of its '450 patent is included in Keezio's accused product?

Yes ____ No ____

2. Has SlumberPod proven that it is more likely than not that every requirement of dependent claim 7 of its '450 patent is included in Keezio's accused product?

Yes ____ No ____

3. Has SlumberPod proven that it is more likely than not that every requirement of dependent claim 15 of its '450 patent is included in Keezio's accused product?

Yes ____ No ____

4. Has SlumberPod proven that it is more likely than not that every requirement of dependent claim 18 of its '450 patent is included in Keezio's accused product?

Yes ____ No ____

5. Has SlumberPod proven that it is more likely than not that every requirement of independent claim 1 of its ‘381 patent is included in Keezio’s accused product?

Yes ____ No ____

6. Has SlumberPod proven that it is more likely than not that every requirement of dependent claim 3 of its ‘381 patent is included in Keezio’s accused product?

Yes ____ No ____

7. Has SlumberPod proven that it is more likely than not that every requirement of dependent claim 10 of its ‘381 patent is included in Keezio’s accused product?

Yes ____ No ____

8. Has SlumberPod proven that it is more likely than not that every requirement of dependent claim 12 of its ‘381 patent is included in Keezio’s accused product?

Yes ____ No ____

9. Has SlumberPod proven that it is more likely than not that every requirement of independent claim 17 of its ‘381 patent is included in Keezio’s accused product?

Yes ____ No ____

If your answer to questions 1, 2, 3, 4, 5, 6, 7, 8, and/or 9 is “yes,” go to question 10. If your answer to questions 1, 2, 3, 4, 5, 6, 7, 8, and 9 is “no,” go to question 11.

***B. Willful Infringement***

10. Has SlumberPod proven that it is more likely than not that Keezio actually knew, intentionally ignored, or recklessly disregarded that its actions constituted infringement?

Yes ____ No ____

Regardless of your answer to question 10, go to question 11.

## II. FINDINGS ON INVALIDITY DEFENSES

(The questions regarding invalidity should be answered regardless of your findings with respect to infringement.)

***A. Obviousness***

11. The ultimate legal conclusion on the obviousness question will be made by the Court. However, in order for the Court to do so, you must answer the following preliminary factual questions:

a. What was the level of ordinary skill in the field that someone would have had at the time the claimed invention was made? (check the applicable answer)

____ a Bachelor's degree in mechanical engineering or a related discipline and two (2) or more years of relevant industry, research, or other experience related to engineering and design of consumer products.

____ a Bachelor of Science degree in mechanical engineering or the equivalent, or four (4) years of experience in the field.

12. Has Keezio proven by clear and convincing evidence that independent claim 1 of the '450 patent is obvious over any of the following combinations of prior art references?

La Mantia, U.S. Patent No. 4,945,584

Neveling, U.S. Patent No. 9,549,621

Sumner, U.S. Patent No. 7,677,260

Yes ____ No ____

13. Has Keezio proven by clear and convincing evidence that dependent claim 7 of the '450 patent is obvious over any of the following combinations of prior art references?

La Mantia, U.S. Patent No. 4,945,584

Neveling, U.S. Patent No. 9,549,621

Sumner, U.S. Patent No. 7,677,260

Yes ____ No ____

14. Has Keezio proven by clear and convincing evidence that dependent claim 15 of the '450 patent is obvious over any of the following combinations of prior art references?

La Mantia, U.S. Patent No. 4,945,584

Neveling, U.S. Patent No. 9,549,621

Sumner, U.S. Patent No. 7,677,260

Yes ____ No ____

15. Has Keezio proven by clear and convincing evidence that dependent claim 18 of the '450 patent is obvious over any of the following combinations of prior art references?

La Mantia, U.S. Patent No. 4,945,584

Neveling, U.S. Patent No. 9,549,621

Sumner, U.S. Patent No. 7,677,260

Yes ____ No ____

16. Has Keezio proven by clear and convincing evidence that independent claim 1 of the '381 patent is obvious over any of the following combinations of prior art references?

La Mantia, U.S. Patent No. 4,945,584

Neveling, U.S. Patent No. 9,549,621

Sumner, U.S. Patent No. 7,677,260

Yes ____ No ____

17. Has Keezio proven by clear and convincing evidence that dependent claim 3 of the '381 patent is obvious over any of the following combinations of prior art references?

La Mantia, U.S. Patent No. 4,945,584

Neveling, U.S. Patent No. 9,549,621

Sumner, U.S. Patent No. 7,677,260

Yes ____ No ____

18. Has Keezio proven by clear and convincing evidence that dependent claim 10 of the '381 patent is obvious over any of the following combinations of prior art references?

La Mantia, U.S. Patent No. 4,945,584

Neveling, U.S. Patent No. 9,549,621

Sumner, U.S. Patent No. 7,677,260

Yes ____ No ____

19. Has Keezio proven by clear and convincing evidence that dependent claim 12 of the '381 patent is obvious over any of the following combinations of prior art references?

La Mantia, U.S. Patent No. 4,945,584

Neveling, U.S. Patent No. 9,549,621

Sumner, U.S. Patent No. 7,677,260

Yes ____ No ____

20. Has Keezio proven by clear and convincing evidence that independent claim 17 of the ‘381 patent is obvious over any of the following combinations of prior art references?

La Mantia, U.S. Patent No. 4,945,584

Neveling, U.S. Patent No. 9,549,621

Sumner, U.S. Patent No. 7,677,260

Yes ____ No ____

## III. FINDINGS ON DAMAGES (IF APPLICABLE)

If you answered questions 1, 2, 3, 4, 5, 6, 7, 8, or 9 “yes” and the corresponding questions 12, 13, 14, 15, 16, 17, 18, 19, or 20 “no,” proceed to answer the remaining questions. If you did not so answer, do not answer the remaining questions and proceed to date and sign the verdict form.

21. What lost profits, if any, did SlumberPod show it more likely than not suffered as a result of sales that it would with reasonable probability have made but for Keezio’s infringement?

$ ________

22. For those infringing sales for which SlumberPod has not proved its entitlement to lost profits, what has it proved it is entitled to as a reasonable royalty:

a) on-going royalty payment of $ ______ per unit sold; or

b) one-time payment of $ ______ for the life of the patents.

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then date and sign the verdict form in the spaces below and notify the Courtroom Deputy that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

Date:

By: ______________________________

Presiding Juror

**SLUMBERPOD'S STATEMENT IN SUPPORT OF ITS PROPOSED VERDICT FORM**

Obviousness under 35 U.S.C. § 103 is a mixed question of law and fact. *See, e.g., Wyers v. Master Lock Co.*, 616 F.3d 1231, 1247 (Fed. Cir. 2010) (Linn, J., concurring) (citing *Takeda Chem. Indus., Ltd. v. Alphapharm Pty., Ltd.*, 492 F.3d 1350, 1355 (Fed. Cir. 2007)); *Connell v. Sears, Roebuck & Co*, 722 F.2d 1542, 1547 (Fed. Cir. 1983). As explained in *KSR Intern. Co.v. Teleflex, Inc.*, the ultimate question of obviousness is a question of law for the Court. 550 U.S. 398, 427 (2007). SlumberPod's position is that at most the jury should provide factual findings to enable the Court to make the ultimate legal determination on obviousness, and that the question of obviousness should not be submitted to the jury for an advisory verdict.[1] SlumberPod's proposed jury instruction on the issue tracks Alternative 1 of the Obviousness instruction (No. 4.3.b) of the N.D. Cal. Model Patent Jury Instructions and is consistent with the authority supporting that Model Instruction.

SlumberPod's Proposed Verdict Form is based on the sample verdict form set forth in the N.D. Cal. Model Patent Jury Instructions and is consistent with SlumberPod's position that the jury should not render an advisory verdict on obviousness and its position that Alternative 1 of the Obviousness instruction in the N.D. Cal. Model Patent Jury Instructions should be given to the jury. Keezio's proposed verdict form unnecessarily deviates from the sample verdict form in the model instructions in significant ways, is one-sided and biased towards the defense, and is likely to be unduly confusing to the jury.

Finally, while Keezio requests Alternative 2 of the Obviousness instruction of the N.D. Cal. Model Patent Jury Instructions and that the jury be instructed to return an advisory verdict, Keezio's proposed verdict form fails to comply with *Graham v. John Deere Co*., 383 U.S. 1 (1966). Under *Graham*, the finder of fact must answer factual inquiries relating to: (1) the scope and content of the prior art; (2) differences between the prior art and the claims at issue; (3) the level of ordinary skill in the art; and (4) whatever objective evidence may be present as indicia of nonobviousness. *Connell*, 722 F.2d at 1547 ("Submission of the obviousness question to the jury

---

[1] To streamline the trial, SlumberPod would have no objection to trying the issue of obviousness to the Court, sitting without a jury, after liability and damages are determined by the jury.

should be accompanied by detailed special interrogatories designed to elicit responses to at least all the factual inquiries enumerated in *Graham*, and based on the presentations made in the particular trial.").

September 8, 2026

/s/ Dana J. Finberg
Dana J. Finberg
O'HAGAN MEYER, PLLC

/s/ William A. McKenna
William A. McKenna
WOODARD, EMHARDT, HENRY, REEVES & WAGNER, LLP

/s/ James R. VanCamp Jr.
James R. VanCamp Jr.
O'HAGAN MEYER, PLLC

***Attorneys for Defendant/Counterclaim Plaintiff SlumberPod LLC***

## CERTIFICATE OF SERVICE

I, Dana J. Finberg, hereby certify that a true copy of this document was served upon all parties registered for electronic notification via the Court's electronic filing system on September 8, 2026.

September 8, 2026

/s/ Dana J. Finberg
Dana J. Finberg
O'HAGAN MEYER, PLLC

***Attorney for Defendant/Counterclaim Plaintiff SlumberPod LLC***