**SlumberPod Proposed**

**Disputed Jury Instruction ___**

**Obviousness**

Not all innovations are patentable. A patent claim is invalid if the claimed invention would have been obvious to a person of ordinary skill in the field as of the effective filing date of the claimed invention. The court, however, is charged with the responsibility of making the determination as to whether a patent claim was obvious based upon your determination of several factual questions.

First, you must decide the level of ordinary skill in the field that someone would have had as of the effective filing date of the claimed invention. In deciding the level of ordinary skill, you should consider all the evidence introduced at trial, including:

(1) the levels of education and experience of persons working in the field;

(2) the types of problems encountered in the field; and

(3) the sophistication of the technology.

As I have explained, SlumberPod contends that the level of ordinary skill in the field was a bachelor's degree in mechanical engineering or a related discipline and two (2) or more years of relevant industry, research, or other experience related to engineering and design of consumer products. Keezio contends that the level of ordinary skill in the field was a Bachelor of Science degree in mechanical engineering or the equivalent, or four (4) years of experience in the field.

Second, you must decide the scope and content of the prior art. SlumberPod and Keezio disagree as to whether La Mantia (U.S. Patent No. 4,945,584), Neveling (U.S. Patent No. 9,549,621) and Sumner (U.S. Patent No. 7,677,260) should be included in the prior art you use to decide the validity of Independent Claim 1, Dependent Claim 7, Dependent Claim 15, and Dependent Claim 18 of the '450 Patent and Independent Claim 1, Dependent Claim 3, Dependent Claim 10, Dependent Claim 12, and Independent Claim 17 of the '381 Patent. In order to be considered as prior art to the '450 and '381 patents , these references must be reasonably related to the claimed invention of those patents. A reference is reasonably related if it is in the same field as the claimed invention or is from another field to which a person of ordinary skill in the field would look to solve a known problem.

Third, you must decide what difference, if any, existed between the claimed invention and the prior art.

Finally, you must determine which, if any, of the following factors have been established by the evidence:

(1) commercial success of a product due to the merits of the claimed invention;

(2) a long felt need for the solution provided by the claimed invention;

(3) unsuccessful attempts by others to find the solution provided by the claimed invention;

(4) copying of the claimed invention by others;

(5) unexpected and superior results from the claimed invention;

(6) acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention;

(7) other evidence tending to show nonobviousness;

(8) independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it; and

(9) other evidence tending to show obviousness.

**Authorities**:

35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Intern. Co. v. Teleflex, Inc.*, 550 U.S. 398, 407 (2007); *Circuit Check v. QXQ Inc.*, 795 F.3d 1331, 1335 (Fed. Cir. 2015); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654 (Fed. Cir. 2000); *Arkie Lures, Inc. v. Gene Larew Tackle, Inc.*, 119 F.3d 953, 957 (Fed. Cir. 1997); *Specialty Composites v. Cabot Corp.*, 845 F.2d 981, 991 (Fed. Cir. 1988); *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1000 (Fed. Cir. 1986); *Pentec. Inc. v. Graphic Controls Corp.*, 776 F.2d 309, 313 (Fed. Cir. 1985). See *Novo Nordisk A/S v. Becton Dickinson & Co.*, 304 F.3d 1216, 1219-20 (Fed. Cir. 2002); *Wang Labs. v. Toshiba Corp.*, 993 F.2d 858, 864 (Fed. Cir. 1993); *Daiichi Sankyo Co. v. Apotex, Inc.*, 501 F.3d. 1254, 1256 (Fed. Cir. 2007) ; *Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*, 229 F.3d 1120, 1125 (Fed. Cir. 2000); *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1355 (Fed. Cir. 2000); *Ryko Mfg. Co. v. Nu-Star, Inc.*, 950 F.2d 714, 718-19 (Fed. Cir. 1991).

Northern District of California Model Patent Jury Instructions; 4.3b; B.4.3 (modified)

**<u>SlumberPod Statement in Support of its Proposed Obviousness Jury Instruction</u>**

Obviousness under 35 U.S.C. § 103 is a mixed question of law and fact. *See, e.g., Wyers v. Master Lock Co.*, 616 F.3d 1231, 1247 (Fed. Cir. 2010) (Linn, J., concurring) (citing *Takeda Chem. Indus., Ltd. v. Alphapharm Pty., Ltd.*, 492 F.3d 1350, 1355 (Fed. Cir. 2007)); *Connell v. Sears, Roebuck & Co*, 722 F.2d 1542, 1547 (Fed. Cir. 1983). As explained in *KSR Intern. Co.v. Teleflex, Inc.*, the ultimate question of obviousness is a question of law for the Court. 550 U.S. 398, 427 (2007). SlumberPod's position is that at most the jury should provide factual findings to enable the Court to make the ultimate legal determination on obviousness, and that the question of should not be submitted to the jury for an advisory verdict.[1] SlumberPod's proposed jury instruction tracks Alternative 1 of the Obviousness instruction (No. 4.3.b) of the N.D. Cal. Model Patent Jury Instructions and is consistent with the authority supporting that Model Instruction.

Moreover, while Keezio requests Alternative 2 of the Obviousness instruction of the N.D. Cal. Model Patent Jury Instructions and that the jury be instructed to return an advisory verdict, it should be noted that Keezio's proposed verdict form fails to comply with *Graham v. John Deere Co*., 383 U.S. 1 (1966). Under *Graham*, the finder of fact must answer factual inquiries relating to: (1) the scope and content of the prior art; (2) differences between the prior art and the claims at issue; (3) the level of ordinary skill in the art; and (4) whatever objective evidence may be present as indicia of nonobviousness. *Connell*, 722 F.2d at 1547 ("Submission of the obviousness question to the jury should be accompanied by detailed special interrogatories designed to elicit responses to at least all the factual inquiries enumerated in *Graham*, and based on the presentations made in the particular trial.").

[1] To streamline the trial, SlumberPod would have no objection to trying the issue of obviousness to the Court, sitting without a jury, after liability and damages are determined by the jury.