R. Joseph Trojan, CA Bar No. 137,067
Trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
Dang@trojanlawoffices.com
Francis Z. Wong, CA Bar No. 284,946
Wong@trojanlawoffices.com
**TROJAN LAW OFFICES, P.C.**
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348
Attorneys for Plaintiff
Keezio Group, LLC

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Keezio Group, LLC,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>SlumberPod LLC,<br><br>Defendant/Counterclaim Plaintiff. | **Case No:** 3:23-cv-06288-PHK<br><br>**DEFENDANT KEEZIO GROUP, LLC'S REDLINED VERSION OF DISPUTED JURY INSTRUCTIONS**<br><br>**HON. PETER H. KANG** |



TROJAN LAW OFFICES
BEVERLY HILLS

Pursuant to the Court's August 14, 2026 Pretrial Order (Dkt. 169), Defendant Keezio Group, LLC ("Keezio") submits its set of Redlined Disputed Jury Instructions based on model instruction from the Northern District of California and the Ninth Circuit.

**<u>Redlined Disputed Model Instruction No. 1 re: Obviousness offered by SlumberPod</u>**



TROJAN LAW OFFICES
BEVERLY HILLS

# N.D. Cal. Model Patent Jury Instructions 4.3b

Northern District of California Model Patent Jury Instructions > B.4.3 Validity--The Claims

## 4.3b OBVIOUSNESS[14] (Alternative 1)

**Jury Instruction ___**

**Obviousness**

Not all innovations are patentable. A patent claim is invalid if the claimed invention would have been obvious to a person of ordinary skill in the field [ *for any patent that claims priority to an application filed before March 16, 2013:* at the time the claimed invention was made][ *for any patent that claims priority to an application filed on or after March 16, 2013:* as of the effective filing date of the claimed invention]. The court, however, is charged with the responsibility of making the determination as to whether a patent claim was obvious based upon your determination of several factual questions.

First, you must decide the level of ordinary skill in the field that someone would have had [ *for any patent that claims priority to an application filed before March 16, 2013*: at the time the

---

[14] This instruction provides the jury with an instruction on the underlying factual questions it must answer to enable the court to make the ultimate legal determination of the obviousness question. The court, not the jury, should make the legal conclusion on the obviousness question based on underlying factual determinations made by the jury. *KSR Intern. Co. v. Teleflex, Inc., 550 U.S. 398, 427 (2007)*("The ultimate judgment of obviousness is a legal determination."); *see Dippin' Dots, Inc. v. Mosey, 476 F.3d 1337, 1343 (Fed. Cir. 2007)*. It is anticipated that these factual issues will be presented to the jury as specifically as possible. For example, if the only dispute between the parties is whether a particular reference is with the "scope and content" of the prior art, that is the only *Graham* factor that should be presented to the jury. As another example, if the only factual dispute between the parties on the "difference between the prior art and the claimed invention" is whether a prior art reference discloses a particular claim limitation, that is the only issue that should be presented to the jury on that *Graham* factor. The introductory comment to the sample verdict form discusses further the functions of the judge and jury in determining obviousness.

claimed invention was made] [ *for any patent that claims priority to an application filed on or after March 16, 2013:* as of the effective filing date of the claimed invention]. In deciding the level of ordinary skill, you should consider all the evidence introduced at trial, including:

(1) the levels of education and experience of persons working in the field;

–(2) the types of problems encountered in the field; and

–(3) the sophistication of the technology.

As I have explained,

–SlumberPod contends that the level of ordinary skill in the field was a bachelor's degree in mechanical engineering or a related discipline and two (2) or more years of relevant industry, research, or other experience related to engineering and design of consumer products. Keezio contends that the level of ordinary skill in the field was a Bachelor of Science degree in mechanical engineering or the equivalent, or four (4) years of experience in the field. [Patent holder] contends that the level of ordinary skill in the field was [ ]. [Alleged infringer] contends that the level of ordinary skill in the field was [ ].

–Second, you must decide the scope and content of the prior art. [Patent holder]SlumberPod and [alleged infringer]Keezio disagree as to whether [identify prior art reference(s)] should be included in the prior art you use to decide the validity of Independent Claim 1, Dependent Claim 7, Dependent Claim 15, and Dependent Claim 18 of the '450 Patent and Independent Claim 1, Dependent Claim 3, Dependent Claim 10, Dependent Claim 12, and Independent Claim 17 of the '381 Patentclaims [ ]claim 1 of the '450 and '381 patents[ ] patent. In order to be considered as prior art to the the '450 and '381 patents [ ] patent, these references must be reasonably related to the claimed invention of that those patents. A reference is reasonably

related if it is in the same field as the claimed invention or is from another field to which a person of ordinary skill in the field would look to solve a known problem.

______ Third, you must decide what difference, if any, existed between the claimed invention and the prior art.

______Finally, you must determine which, if any, of the following factors have been established by the evidence:

[(1) commercial success of a product due to the merits of the claimed invention][;]

[(2) a long felt need for the solution provided by the claimed invention][;]

[(3) unsuccessful attempts by others to find the solution provided by the claimed invention][;]

[(4) copying of the claimed invention by others][;]

[(5) unexpected and superior results from the claimed invention][;]

[(6) acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention][;]

[(7) other evidence tending to show nonobviousness][;]

[(8) independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it[;] and][;]

[(9) other evidence tending to show obviousness][.].

**–Authorities:**

–35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Intern. Co. v. Teleflex, Inc.*, 550 U.S. 398, 407 (2007); *Circuit Check v. QXQ Inc.*, 795 F.3d 1331, 1335 (Fed. Cir. 2015); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654 (Fed. Cir. 2000); *Arkie Lures, Inc. v. Gene Larew Tackle, Inc.*, 119 F.3d 953, 957 (Fed. Cir. 1997); *Specialty Composites v. Cabot Corp.*, 845 F.2d 981, 991 (Fed. Cir. 1988); *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1000 (Fed. Cir. 1986); *Pentec. Inc. v. Graphic Controls Corp.*, 776 F.2d 309, 313 (Fed. Cir. 1985). See *Novo Nordisk A/S v. Becton Dickinson & Co.*, 304 F.3d 1216, 1219-20 (Fed. Cir. 2002); *Wang Labs. v. Toshiba Corp.*, 993 F.2d 858, 864 (Fed. Cir. 1993); *Daiichi Sankyo Co. v. Apotex, Inc.*, 501 F.3d. 1254, 1256 (Fed. Cir. 2007) ; *Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*, 229 F.3d 1120, 1125 (Fed. Cir. 2000); *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1355 (Fed. Cir. 2000); *Ryko Mfg. Co. v. Nu-Star, Inc.*, 950 F.2d 714, 718-19 (Fed. Cir. 1991).

Northern District of California Model Patent Jury Instructions; 4.3b; B.4.3 (modified)

**Redlined Disputed Model Instruction No. 1 re: Obviousness offered by Keezio**



TROJAN LAW OFFICES
BEVERLY HILLS

## N.D. Cal. Model Patent Jury Instructions 4.3b

**Northern District of California Model Patent Jury Instructions > B.4.3 Validity--The Claims**

## 4.3b OBVIOUSNESS[14] (Alternative 2)

**Jury Instruction ___**

**Obviousness**

Not all innovations are patentable. A patent claim is invalid if the claimed invention would have been obvious to a person of ordinary skill in the field [ *for any patent that claims priority to an application filed before March 16, 2013:* at the time the claimed invention was made][ *for any patent that claims priority to an application filed on or after March 16, 2013:* as of the effective filing date of the claimed invention]. The court, however, is charged with the responsibility of making the determination as to whether a patent claim was obvious based upon your determination of several factual questions.

First, you must decide the level of ordinary skill in the field that someone would have had [ *for any patent that claims priority to an application filed before March 16, 2013*: at the time the

[14] This instruction provides the jury with an instruction on the underlying factual questions it must answer to enable the court to make the ultimate legal determination of the obviousness question. The court, not the jury, should make the legal conclusion on the obviousness question based on underlying factual determinations made by the jury. *KSR Intern. Co. v. Teleflex, Inc., 550 U.S. 398, 427 (2007)*("The ultimate judgment of obviousness is a legal determination."); *see Dippin' Dots, Inc. v. Mosey, 476 F.3d 1337, 1343 (Fed. Cir. 2007)*. It is anticipated that these factual issues will be presented to the jury as specifically as possible. For example, if the only dispute between the parties is whether a particular reference is with the "scope and content" of the prior art, that is the only *Graham* factor that should be presented to the jury. As another example, if the only factual dispute between the parties on the "difference between the prior art and the claimed invention" is whether a prior art reference discloses a particular claim limitation, that is the only issue that should be presented to the jury on that *Graham* factor. The introductory comment to the sample verdict form discusses further the functions of the judge and jury in determining obviousness.

claimed invention was made] [ *for any patent that claims priority to an application filed on or after March 16, 2013:* as of the effective filing date of the claimed invention]. In deciding the level of ordinary skill, you should consider all the evidence introduced at trial, including:

(1) the levels of education and experience of persons working in the field;

–(2) the types of problems encountered in the field; and

–(3) the sophistication of the technology.

As I have explained,

–SlumberPod contends that the level of ordinary skill in the field was a bachelor's degree in mechanical engineering or a related discipline and two (2) or more years of relevant industry, research, or other experience related to engineering and design of consumer products. Keezio contends that the level of ordinary skill in the field was a Bachelor of Science degree in mechanical engineering or the equivalent, or four (4) years of experience in the field. [Patent holder] contends that the level of ordinary skill in the field was [ ]. [Alleged infringer] contends that the level of ordinary skill in the field was [ ].

–Second, you must decide the scope and content of the prior art. [Patent holder]SlumberPod and [alleged infringer]Keezio disagree as to whether [identify prior art reference(s)] should be included in the prior art you use to decide the validity of Independent Claim 1, Dependent Claim 7, Dependent Claim 15, and Dependent Claim 18 of the '450 Patent and Independent Claim 1, Dependent Claim 3, Dependent Claim 10, Dependent Claim 12, and Independent Claim 17 of the '381 Patentclaims [ ]claim 1 of the '450 and '381 patents[ ] patent. In order to be considered as prior art to the the '450 and '381 patents [ ] patent, these references must be reasonably related to the claimed invention of that those patents. A reference is reasonably

related if it is in the same field as the claimed invention or is from another field to which a person of ordinary skill in the field would look to solve a known problem.

______ Third, you must decide what difference, if any, existed between the claimed invention and the prior art.

______Finally, you must determine which, if any, of the following factors have been established by the evidence:

[(1) commercial success of a product due to the merits of the claimed invention][;]

[(2) a long felt need for the solution provided by the claimed invention][;]

[(3) unsuccessful attempts by others to find the solution provided by the claimed invention][;]

[(4) copying of the claimed invention by others][;]

[(5) unexpected and superior results from the claimed invention][;]

[(6) acceptance by others of the claimed invention as shown by praise from others in the field or from the licensing of the claimed invention][;]

[(7) other evidence tending to show nonobviousness][;]

[(8) independent invention of the claimed invention by others before or at about the same time as the named inventor thought of it[;] and][;]

[(9) other evidence tending to show obviousness][.].

[______The presence of any of the [list factors 1-7 as appropriate] may be considered by you as an indication that the claimed invention would not have been obvious [at the time the claimed invention was made] [as of the effective filing date of the claimed invention], and the presence of the [list factors 8-10 as appropriate] may be considered by you as an indication that the claimed invention would have been obvious at such time. Although you should consider any evidence of

these factors, the relevance and importance of any of them to your decision on whether the claimed invention would have been obvious is up to you.]

A patent claim composed of several elements is not proved obvious merely by demonstrating that each of its elements was independently known in the prior art. In evaluating whether such a claim would have been obvious, you may consider whether [the alleged infringer]Keezio has identified a reason that would have prompted a person of ordinary skill in the field to combine the elements or concepts from the prior art in the same way as in the claimed invention. There is no single way to define the line between true inventiveness on the one hand (which is patentable) and the application of common sense and ordinary skill to solve a problem on the other hand (which is not patentable). For example, market forces or other design incentives may be what produced a change, rather than true inventiveness. You may consider whether an inventor would look to the prior art to help solve the particular problem at hand. You may consider whether the change was merely the predictable result of using prior art elements according to their known functions, or whether it was the result of true inventiveness. You may also consider whether there is some teaching or suggestion in the prior art to make the modification or combination of elements claimed in the patent. Also, you may consider whether the innovation applies a known technique that had been used to improve a similar device or method in a similar way. You may also consider whether the claimed invention would have been obvious to try, meaning that the claimed innovation was one of a relatively small number of possible approaches to the problem with a reasonable expectation of success by those skilled in the art. However, you must be careful not to determine obviousness using the benefit of hindsight; many true inventions might seem obvious after the fact. You should put yourself in the position of a person of ordinary skill in the field [at the time the claimed invention was made] [as of the effective filing date of the claimed

invention] and you should not consider what is known today or what is learned from the teaching of the patent.

**–Authorities:**

–35 U.S.C. § 103; *Graham v. John Deere Co.*, 383 U.S. 1 (1966); *KSR Intern. Co. v. Teleflex, Inc.*, 550 U.S. 398, 407 (2007); *Circuit Check v. QXQ Inc.*, 795 F.3d 1331, 1335 (Fed. Cir. 2015); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654 (Fed. Cir. 2000); *Arkie Lures, Inc. v. Gene Larew Tackle, Inc.*, 119 F.3d 953, 957 (Fed. Cir. 1997); *Specialty Composites v. Cabot Corp.*, 845 F.2d 981, 991 (Fed. Cir. 1988); *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1000 (Fed. Cir. 1986); *Pentec. Inc. v. Graphic Controls Corp.*, 776 F.2d 309, 313 (Fed. Cir. 1985). See *Novo Nordisk A/S v. Becton Dickinson & Co.*, 304 F.3d 1216, 1219-20 (Fed. Cir. 2002); *Wang Labs. v. Toshiba Corp.*, 993 F.2d 858, 864 (Fed. Cir. 1993); *Daiichi Sankyo Co. v. Apotex, Inc.*, 501 F.3d. 1254, 1256 (Fed. Cir. 2007) ; *Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*, 229 F.3d 1120, 1125 (Fed. Cir. 2000); *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1355 (Fed. Cir. 2000); *Ryko Mfg. Co. v. Nu-Star, Inc.*, 950 F.2d 714, 718-19 (Fed. Cir. 1991).

Northern District of California Model Patent Jury Instructions; 4.3b; B.4.3 (modified)

**Redlined Disputed Model Instruction No. 2 re: Lost Profits – Market Share offered by SlumberPod**



TROJAN LAW OFFICES
BEVERLY HILLS

*N.D. Cal. Model Patent Jury Instructions 5.3a*

*Northern District of California Model Patent Jury Instructions > B.5. Patent Damages*

## 5.3a LOST PROFITS--MARKET SHARE

**Jury Instruction ___**

**Lost Profits – Market Share**

One way [patent holder]SlumberPod may prove the number of sales it would have made if the infringement had not happened is to prove its share of the relevant market excluding infringing products. You may award [patent holder]SlumberPod a share of profits equal to that market share.

–In deciding [patent holder]SlumberPod's market share, you must decide which products are in [patent holder]SlumberPod's market. Products are in the same market if they are sufficiently similar to compete against each other. Two products are sufficiently similar if one does not have a significantly higher price than or possess characteristics significantly different than the other.

**–Authorities:**

–*Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1124 (Fed. Cir. 2003); *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1354-55 (Fed. Cir. 2001); *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1580 (Fed. Cir. 1989).

Northern District of California Model Patent Jury Instructions; 5.3a; B.5 (modified)

TROJAN LAW OFFICES
BEVERLY HILLS

**Redlined Disputed Model Instruction No. 3 re: Nominal Damages offered by Keezio**

**Jury Instruction ___**

**Nominal Damages**

The law that applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to ~~prove damages~~ provide sufficient or credible evidence from which you can calculate a specific, reliable royalty amount or lost profits without speculation as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**Authority**:

Ninth Circuit Manual of Model Civil Jury Instructions 5.6 (modified); *Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co., Harris Press & Shear Div.*, 895 F.2d 1403, 1407 (Fed. Cir. 1990)

Dated: September 9, 2026

Respectfully submitted,

By:

/s/R. Joseph Trojan

R. Joseph Trojan, CA Bar 137,067
Dylan C. Dang, CA Bar 223,455
Francis Z. Wong, CA Bar No. 284,946
TROJAN LAW OFFICES, P.C.
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

Attorneys for Plaintiff
Keezio Group, LLC

TROJAN LAW OFFICES
BEVERLY HILLS