**SlumberPod Proposed**

**Disputed Jury Instruction ___**

**Lost Profits – Market Share**

One way SlumberPod may prove the number of sales it would have made if the infringement had not happened is to prove its share of the relevant market excluding infringing products. You may award SlumberPod a share of profits equal to that market share.

In deciding SlumberPod's market share, you must decide which products are in SlumberPod's market. Products are in the same market if they are sufficiently similar to compete against each other. Two products are sufficiently similar if one does not have a significantly higher price than or possess characteristics significantly different than the other.

**Authorities**:

*Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1124 (Fed. Cir. 2003); *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1354-55 (Fed. Cir. 2001); *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1580 (Fed. Cir. 1989).
Northern District of California Model Patent Jury Instructions; 5.3a; B.5 (modified)

**<u>SlumberPod Statement in Support of its Proposed Lost Profits – Market Share Jury Instruction</u>**

The Federal Circuit recognizes market share as an appropriate method of proving lost profits. In *State Indus., Inc.*, the Federal Circuit concluded that "the district court acted well within its discretion when it awarded damages for Mor-Flo's infringing activity based on State's share of the market." *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573, 1580 (Fed. Cir. 1989). In determining market share, "the record must accurately identify the market," which "requires an analysis which excludes alternatives to the patented product with disparately different prices or significantly different characteristics." *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1356 (Fed. Cir. 2001). As explained in *Micro Chem., Inc.*, "[t]he proper starting point to identify the relevant market is the patented invention," and "[t]he relevant market also includes other devices or substitutes similar in physical and functional characteristics to the patented invention." *Micro Chem., Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1124 (Fed. Cir. 2003).

SlumberPod's proposed jury instruction tracks the Lost Profits – Market Share instruction (No. 5.3a) of the N.D. Cal Model Patent Jury Instructions and is consistent with the authority supporting that Model Instruction.

Moreover, Keezio objects to SlumberPod's proposed instruction on the ground that SlumberPod has not presented a market-share lost-profits theory or sufficient evidence from which the jury could determine SlumberPod's market share. Keezio's objection does not identify any legal defect in SlumberPod's proposed instruction; instead, it challenges the sufficiency of SlumberPod's proof. The proposed instruction does not direct the jury to award market-share lost profits; it explains that SlumberPod may prove lost sales through its share of the relevant market and instructs the jury how to determine which products belong in that market. That framework is inconsistent with *State Indus., Inc.*, *Crystal Semiconductor Corp.*, and *Micro Chem., Inc.*