United States District Court
Northern District of California

TENATIVE RULINGS – SUBJECT TO COURT REVISIONS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

SLUMBERPOD, LLC,

Plaintiff,

v.

KEEZIO GROUP,

Defendant.

Case No. 23-cv-06288-PHK

**[TENTATIVE] ORDER RE DISPUTED EXHIBITS**

Re: Dkt. 207

Now before the Court are the Parties' objections to certain disputed exhibits as set forth in the Parties' Joint Notice of Outstanding Objections regarding exhibits each side seeks to admit. *See* Dkt. 207. The Court has considered the objections, responses thereto, and oral argument of the Parties presented at the Final Pre-Trial Conference and resolves the objections as to the disputed exhibits as set forth herein.

As previously ordered by the Court, in their Joint Notice of Outstanding Objections, the Parties have grouped the disputed exhibits according to the objections and have provided their respective arguments for and against admissibility for each disputed grouping for ease of resolution. [Dkt. 169 at 4; Dkt. 207]. Per the Court's instructions, the Parties lodged with the Court binder sets of the disputed exhibits, separated by logical groupings according to their common objections. [Dkt. 209]. Accordingly, based on the review of the materials provided and argument of counsel, the Court resolves the objections for each category of documents grouped by their common objections as set forth below, using the groupings or categories provided by the Parties in their submissions.

United States District Court
Northern District of California

## I. PRIOR-ART MATERIALS NOT IDENTIFIED IN INVALIDITY CONTENTIONS

This category consists of U.S. Patent No. 6,772,779 (Exhibit 2011); an annotated picture of the Moss Stardome II Tent (Exhibit 2041); an annotated picture of the Mountain Hardware Tent (Exhibit 2042); and an annotated picture of the Big Agnes Tent (Exhibit 2043).

SlumberPod objects that these exhibits were not disclosed as prior art references in Keezio's Patent Invalidity Contentions under the Patent Local Rules and that admitting them would be unfairly prejudicial.

Keezio responds that it does not intend to rely on these exhibits to establish invalidity as part of obviousness combinations to invalidate the patent claims at issue. Keezio argues that they are admissible to explain the scope, content, and breadth of the prior art relevant to the obviousness determination.

The objection to these Exhibits is **SUSTAINED**. Keezio's argument that these exhibits may be used to "explain the scope, content, and breadth of the prior art ***relevant to the obviousness determination***" indicates that Keezio does intend to use these exhibits in connection with an invalidity argument as to obviousness. [Dkt. 207 at 2 (emphasis added)]. In *Life Technologies*, Judge Alsup **rejected** a defense argument that "undisclosed references should not be stricken because they relate to 'background on the art' as oppose[d] to prior art contemplated by our patent local rules . . . . Other courts have rejected such attempts to elude patent local rules by defining materials as 'background' or 'context.'" *Life Techs. Corp. v. Biosearch Techs., Inc.*, No. C 12–00852 WHA., 2012 WL 4097740, at *1-2 (N.D. Cal. Sept. 17, 2012); *see also Volterra Semiconductor Corp. v. Primarion, Inc.*, 796 F. Supp. 2d 1025, 1055, 1119 (N.D. Cal. 2011) ("the Court finds that Defendants are prohibited, under the Patent Local Rules, from relying on prior art that was not disclosed in their invalidity contentions to show invalidity. Nor is the Court persuaded by Defendants' assertions that their failure to comply with the requirements of the Patent Local Rules is excused . . . on the basis that it is merely offered to provide 'context.'"; also rejecting argument that references not in the contentions could be used in order "to establish 'the meaning of a term of art that is used in an identified reference.'"); *see also Guangzhou Yucheng Trading Co. v. Dbest Prods., Inc.*, 644 F. Supp. 3d 637, 653-54 (C.D. Cal. 2022) (granting motion to strike

previously undisclosed invalidity opinions based on a prior art reference cited during prosecution, where defendant's invalidity contentions merely stated that any reference cited during prosecution could be relied upon to show the state of the art).

Also, the Court notes that Keezio has not established that Keezio complied with 35 U.S.C. § 282(c)'s requirement to disclose these exhibits "as showing the state of the art" by the statutory deadline.

Further, the Court notes that Exhibits 2041, 2042 and 2043 appear to be photographs of tents with annotations added in the margins (*e.g.*, descriptive/argumentative captions and text). Any such annotations or additions do not appear to be from or part of the original photographs themselves and do not appear to be evidence under Rule 401, but rather appear to have been added either by counsel or an expert witness (or some other unidentified persons). As such, these altered exhibits as presented are not admissible in this form and **SHALL NOT** be offered into evidence.

## II. EVIDENCE CONCERNING NON-INFRINGING SUBSTITUTES AND THE RELEVANT DAMAGES MARKET

This category includes materials concerning the Wanru and Yaboras products (Exhibits 2018, 2019, 2026, and 2027), a compilation of Amazon.com tent sellers (Exhibit 2020), and an Amazon.com search for SlumberPod produced with the Doan expert report (Exhibit 2040).

SlumberPod objects to these exhibits based on lack of foundation, improper expert opinion, relevance, and unfair prejudice.

Keezio responds that the necessary foundation will be established through fact and expert testimony. Keezio further contends that Exhibits 2018, 2019, 2020, 2026, and 2027 are relevant to whether non-infringing substitutes existed in the marketplace and therefore to SlumberPod's entitlement to lost profits. As to Exhibit 2040, Keezio contends that its damages expert Ms. Doan can establish the necessary foundation because the material formed part of her analysis and that the exhibit is relevant to both lost profits and reasonable royalty damages.

The Court **DEFERS** decision on these objections until trial. At this time, these exhibits are **NOT** preadmitted. As Keezio admits, the admissibility of these documents is subject to laying foundation at trial, as well as resolution of the other objections (which in turn depends on what

United States District Court
Northern District of California

testimony is elicited from a witness and how these exhibits are attempted to be used at trial).

The Court notes that at least Exhibits 2018 and 2019 appear to be aggregations of unrelated documents (pages from an Amazon product page combined with various unidentified photographs and what appear to be promotional materials). As presented to the Court, Exhibits 2018 and 2019 are not admissible and **SHALL NOT** be offered into evidence at trial in their current format. Assuming that these are aggregations of otherwise unrelated documents, they are improperly combined and risk jury confusion under Rule 403. The admissibility of each of the individual documents, photographs, and flyers must be determined on a document by document basis. Keezio is **ORDERED** to disaggregate these exhibits into their respective individual documents and separately number them as individual exhibits. Keezio **SHALL** correct these exhibits and resubmit them, along with an updated Party Exhibit List with the new exhibit numbers, within three (3) days of this Order. SlumberPod **SHALL** serve any objections to these corrected exhibits within three (3) days of service of the corrected exhibits and updated Exhibit List. The Parties **SHALL** promptly meet and confer regarding any of the objections, regarding whether any of the corrected exhibits are agreed upon as Joint Exhibits, and regarding whether any of the corrected exhibits are withdrawn. The Parties **SHALL** file an updated Joint Exhibit List (to the extent any corrected exhibits are agreed upon) and updated Party Exhibit List, along with a Further Joint Notice of Outstanding Objections for these corrected exhibits within three (3) days of service of SlumberPod's objections to these corrected exhibits. Failure of each Party to meet its respective deadlines may result in either a prohibition of offering any of these corrected exhibits at trial or a waiver of objections to any of these corrected exhibits.

## III. EXHIBITS, TABLES, AND PHOTOGRAPHS ASSOCIATED WITH EXPERT REPORTS

Exhibit 2032 allegedly consists of exhibits and tables associated with Minh P. Doan's rebuttal expert report. Exhibit 2054 allegedly consists of inline photographs and exhibits associated with James William Jones's rebuttal expert report. However, the copies of these exhibits provided to the Court for review consist of the entirety of the Doan rebuttal report and the entirety of the Jones rebuttal report. SlumberPod objects that these exhibits are cumulative and hearsay.

DRAFT

To the extent that Exhibits 2032 and 2054 are intended to be the entirety of these expert reports, the objections are **SUSTAINED**. Expert reports are inadmissible hearsay unless some exception applies (and no hearsay exceptions have been argued here). *Hunt v. City of Portland*, 599 Fed. Appx. 620, 621 (9th Cir. 2013) ("With respect to the expert's written report, we conclude that the report is hearsay to which no hearsay exception applies.").

Keezio represents that it does not intend to offer the experts' written reports themselves through these exhibits. According to Keezio, Ms. Doan will rely only on the exhibits and tables from her report, and Mr. Jones will rely only on the exhibits and photographs from his report. Assuming that Keezio intends only certain (so far unidentified) exhibits, tables, and photographs from these reports to be the actual exhibits, the versions of the exhibits provided to the Court for review are improper aggregations of materials which are improperly combined and risk confusion under Rule 403. As presented to the Court, Exhibits 2018 and 2019 are not admissible and **SHALL NOT** be offered into evidence at trial in their current format.

The admissibility of each of any individual exhibits, tables, and photographs must be determined on a document by document basis. Keezio is **ORDERED** to extract from these expert reports each of the exhibits, tables, and photographs which are intended to be proffered as trial exhibits and separately number each of them as individual exhibits. Keezio **SHALL** correct these exhibits and resubmit them, along with filing an updated Exhibit List with the new exhibit numbers, within three (3) days of this Order. SlumberPod **SHALL** serve any objections to these corrected exhibits within three (3) days of service of the corrected exhibits and updated Exhibit List. The Parties **SHALL** promptly meet and confer regarding any of the objections, regarding whether any of the corrected exhibits are agreed upon as Joint Exhibits, and regarding whether any of the corrected exhibits are withdrawn. The Parties **SHALL** file an updated Joint Exhibit List (to the extent any corrected exhibits are agreed upon) and updated Party Exhibit List, along with a Further Joint Notice of Outstanding Objections for these corrected exhibits within three (3) days of service of SlumberPod's objections to these corrected exhibits. Failure of each Party to meet its respective deadlines may result in either a prohibition of offering any of these corrected exhibits at trial or a

United States District Court
Northern District of California

waiver of objections to any of these corrected exhibits.

Because the Court has not been informed what exactly constitute the tables or charts at issue, to the extent Keezio contemplates offering into evidence tables or charts drafted by its experts and included in their expert reports, such expert-drafted tables or charts are inadmissible hearsay for the same reasons the expert reports as a whole are inadmissible hearsay. This ruling is without prejudice to Keezio offering to use any such tables or charts as demonstratives at trial and without prejudice to an offering a table or chart as a summary under Rule 1006, subject to any objections raised at that time.

## IV. PATENT DAMAGES CONTENTIONS

This category consists of SlumberPod's Patent Local Rule 3-8 Damages Contentions (Exhibit 2015) and Keezio's Rebuttal Damages Contentions and Appendix A (Exhibit 2055).

SlumberPod objects to Exhibits 2015 and 2055 on relevance grounds, and further objects to Exhibit 2055 on unfair-prejudice grounds.

Keezio responds that the Parties' damages contentions are relevant because the Patent Local Rules require those contentions to define the scope of the patent damages theories disclosed in this action, including issues implicated by Keezio's motions to compel. Keezio further contends that Appendix A to Exhibit 2055 contains information concerning non-infringing substitutes identified in Keezio's rebuttal damages disclosures and is therefore independently relevant to SlumberPod's claim for lost profits.

SlumberPod's objections refer to a motion in limine, but Keezio notes that SlumberPod has not filed a motion in limine directed to these two exhibits.

SlumberPod's relevance objections to Exhibits 2015 and 2055 are **OVERRULED**. The Court **DEFERS** resolution of SlumberPod's unfair prejudice objection to Exhibit 2055 until trial. At this time, Exhibit 2055 is **NOT** preadmitted. Resolution of this objection depends on what testimony is elicited from a witness and how this exhibit is attempted to be used at trial.

## V. EVIDENCE CONCERNING KEEZIO'S KNOWLEDGE, COPYING, AND WILLFULNESS

This category consists of Jason Clute's February 6, 2020 SlumberPod order from Amazon (Exhibit 3004), Amazon's November 28, 2023 e-mail to Keezio concerning the '450 Patent (Exhibit 3005), and e-mails with Amazon concerning SlumberPod's assertion of its patent rights (Exhibit 3075).

Keezio objects to Exhibit 3004 under Rules 401 and 402 on relevance grounds. SlumberPod responds that Exhibit 3004 is relevant to Keezio's development of the accused DayDreamer product, copying, willfulness, and objective indicia of nonobviousness, and its pre-issuance date does not render it irrelevant to those issues.

Keezio's objections to Exhibit 3004 are **OVERRULED**. Exhibit 3004 is preadmitted.

Keezio objects to Exhibit 3005 as hearsay under Rules 801 and 802. SlumberPod responds that Exhibit 3005 is relevant to Keezio's notice and knowledge of the '450 Patent and is not offered for the truth of the matters asserted in the e-mail.

Keezio's objections to Exhibit 3005 are **OVERRULED**. Exhibit 3005 is preadmitted. Because SlumberPod indicates that SlumberPod does not intend to offer Exhibit 3005 for the truth of the matters asserted, the Court will consider an appropriate limiting instruction to the jury.

Keezio objects to Exhibit 3075 under Rules 402 and 403 on the grounds that these emails would confuse the jury and unfairly prejudice Keezio.

SlumberPod responds that Exhibit 3075 bears directly on Keezio's notice and knowledge of SlumberPod's patent rights and willfulness. The dismissal of separate claims concerning Amazon takedown notices does not eliminate the relevance of those communications to the patent claims that remain for trial.

Keezio's relevance objection under Rule 402 to Exhibit 3075 is **OVERRULED**. The Court **DEFERS** resolution of Keezio's Rule 403 unfair prejudice and jury confusion objections to Exhibit 3075 until trial. At this time, Exhibit 3075 is **NOT** preadmitted. Resolution of these objections depends on what testimony is elicited from a witness and how this exhibit is attempted to be used at trial.

## VI. PLEADINGS AND CLAIM CONSTRUCTION ORDER

This category consists of Keezio's Complaint (Exhibit 3007), SlumberPod's Answer to Keezio's Complaint (Exhibit 3008), Keezio's Answer to SlumberPod's Counterclaims (Exhibit 3009), SlumberPod's Amended Answer to Keezio's Complaint (Exhibit 3010), Keezio's Answer to SlumberPod's Amended Counterclaims (Exhibit 3011), and the Court's Claim Construction Order (Exhibit 3012).

Keezio objects to these exhibits under Rules 401 and 402. Keezio contends that pleadings set forth legal claims and defenses rather than direct factual proof and, therefore, are not relevant unless their contents make a consequential fact more or less probable. Keezio similarly contends that the Claim Construction Order states legal rulings rather than factual proof and, therefore, should not be admitted as evidence.

SlumberPod responds that Keezio's pleadings are relevant to Keezio's positions and admissions concerning the asserted patents, the accused products, and SlumberPod's counterclaims. SlumberPod's pleadings provide relevant context concerning the claims and defenses presented in this action. The Claim Construction Order is directly relevant because it establishes the claim constructions that govern the parties and apply to the infringement and invalidity issues to be tried.

Keezio's objections to SlumberPod offering SlumberPod's own pleadings as exhibits (SlumberPod's Answer to Keezio's Complaint (Exhibit 3008) and SlumberPod's Amended Answer to Keezio's Complaint (Exhibit 3010)) are **SUSTAINED WITHOUT PREJUDICE** to using such exhibits on cross-examination or for purposes of impeachment.

Keezio's objections to SlumberPod offering Keezio's pleadings as exhibits (Complaint (Exhibit 3007), Keezio's Answer to SlumberPod's Counterclaims (Exhibit 3009), Keezio's Answer to SlumberPod's Amended Counterclaims (Exhibit 3011)) are **OVERRULED**. Exhibits 3007, 3009, and 3011 are preadmitted.

Keezio's objection to Exhibit 3012 (the Court's Claim Construction Order) is **SUSTAINED WITHOUT PREJUDICE** to using that exhibit on cross-examination or for purposes of

impeachment. The Court will instruct the jury on claim construction as part of the jury charge at the close of evidence.

## VII. DAMAGES AND ACCEPTABLE NONINFRINGING ALTERNATIVE EVIDENCE

This category consists of SlumberPod's '963 Patent (Exhibit 3016), two e-mails from Keezio's counsel concerning units sold (Exhibits 3023 and 3024), RoyaltySource's Final Report (Exhibit 3029), and RoyaltySource's IP Database (Exhibit 3030).

Keezio objects to Exhibit 3016 under Rule 402 because the '963 Patent is not an asserted patent in this action. SlumberPod responds that Exhibit 3016 is relevant to whether products Keezio identifies as acceptable noninfringing alternatives are, in fact, noninfringing.

The Court **DEFERS** resolution of Keezio's objection to Exhibit 3016 until trial. At this time, Exhibit 3016 is **NOT** preadmitted. Resolution of this objection depends on what testimony is elicited from a witness and how this exhibit is attempted to be used at trial.

Keezio objects to Exhibits 3023 and 3024 under Rules 801 and 802 as hearsay. SlumberPod responds that Exhibits 3023 and 3024 were authored by Keezio's counsel and produced by Keezio in discovery and are admissible as opposing-party statements under Rule 801(d)(2).

Keezio's objections to Exhibits 3023 and 3024 are **OVERRULED WITHOUT PREJUDICE**. These exhibits are **NOT** preadmitted at this time. Admissibility of these exhibits depends on establishing proper foundation, including that the requirements of Rule 801(d)(2) are satisfied at trial.

Keezio objects to Exhibits 3029 and 3030 under Rules 402, 403, 801, 802, and 901, contending that royalty information concerning unrelated products is irrelevant to the value of the patented invention, risks unfair prejudice and jury confusion, contains inadmissible third-party hearsay, and lacks adequate authentication.

SlumberPod responds that Exhibits 3029 and 3030 are relevant to SlumberPod's reasonable royalty analysis and may properly be relied upon by Mr. Gallagher under Rule 703. SlumberPod argues that Keezio's objections concerning the comparability of the royalty information go to the weight of Mr. Gallagher's analysis rather than admissibility.

Keezio's Rule 402 and 403 objections (relevance, unfair prejudice, jury confusion) to Exhibits 3029 and 3030 are **OVERRULED**.

The Court **DEFERS** resolution of Keezio's hearsay and authentication objections to Exhibits 3029 and 3030 until trial. At this time, Exhibits 3029 and 3030 are **NOT** preadmitted. Resolution of these objections depends on what testimony is elicited from a witness and how these exhibits are attempted to be used at trial.

## VIII. PRODUCT, MARKETPLACE, AND VIDEO EVIDENCE

This category consists of SlumberPod's Amazon listing (Exhibit 3017); and several physical samples of products (not provided to the Court): Keezio's original and revised DayDreamer products (Exhibits 3033 and 3034), SlumberPod's product (Exhibit 3035); and video-related exhibits: the Shark Tank episode featuring SlumberPod (Exhibit 3036), a screenshot from Keezio's DayDreamer video (Exhibit 3047), and Keezio's DayDreamer video (Exhibit 3048).

Keezio objects to Exhibit 3017 under Rule 37(c)(1), contending that the absence of a Bates label indicates that the document was not produced during discovery. SlumberPod responds that the absence of a Bates label on Exhibit 3017 does not establish nondisclosure and, in any event, any alleged nondisclosure is harmless because the listing is publicly available and concerns SlumberPod's own product.

Keezio's objection to Exhibit 3017 is **SUSTAINED WITHOUT PREJUDICE** to SlumberPod offering evidence at trial of disclosure of the exhibit during discovery. Exhibit 3017 is **NOT** preadmitted at this time.

Keezio states that its objections to Exhibits 3033, 3034, and 3035 remain pending review of the actual product samples. SlumberPod responds that Exhibits 3033 and 3034 are the accused products themselves and are directly relevant to infringement, willfulness, and damages. SlumberPod argues that Exhibit 3035 is relevant to infringement, copying, objective indicia of nonobviousness, and damages.

Keezio's potential or "pending" objections to Exhibits 3033, 3034, and 3035 are **OVERRULED WITHOUT PREJUDICE** to asserting proper objections upon inspection of the



United States District Court
Northern District of California

United States District Court
Northern District of California

physical exhibits. SlumberPod is **ORDERED** to make these exhibits available for inspection by counsel for Keezio within seven (7) days of this Order at a mutually agreeable, reasonable location during business hours. If Keezio has actual objections to any of these physical exhibits, Keezio Slumberpod **SHALL** serve any objections to these physical exhibits within three (3) days of the inspection. The Parties **SHALL** promptly meet and confer regarding any of the objections, regarding whether substitute or alterations to the physical exhibits would obviate the objections, regarding whether any of the physical exhibits are agreed upon as Joint Exhibits, and regarding whether any of the physical exhibits are withdrawn. The Parties **SHALL** file a Further Joint Notice of Outstanding Objections (if any) or a Notice of Withdrawal of Objections for these physical exhibits within five (5) days of the inspection. Failure of each Party to meet its respective deadlines may result in either a prohibition of offering any of these physical exhibits at trial or a waiver of objections to any of these physical exhibits.

Keezio objects to Exhibit 3036 (the Shark Tank video) under Rule 37(c)(1), Rules 801 and 802, and Rule 901, contending that this exhibit was not timely produced, constitutes hearsay, and lacks foundation or authentication.

SlumberPod argues that, as to Exhibit 3036, any alleged nondisclosure was harmless because Keezio has long known the specific *Shark Tank* episode and Mr. Clute testified that he watched it. The video is not offered for the truth of the matters asserted, but may be used to show what was publicly presented and what Keezio saw before developing the accused products, and SlumberPod asserts it can authenticate it through witness testimony and other identifying evidence.

The Shark Tank video is the subject of Keezio's Motion in Limine No. 3. The Court incorporates by reference its rulings on Motion in Limine 3. For the reasons explained therein, the Court **OVERRULES** Keezio's objection based on the failure to produce the video in discovery. The Court **DEFERS** resolution of Keezio's lack of foundation and authentication objections to Exhibit 3036 until trial. At this time, Exhibit 3036 is **NOT** preadmitted. As SlumberPod admits, resolution of these objections depends on laying foundation and establishing authenticity at trial. Finally, the Court **OVERRULES** Keezio's hearsay objection to this video. Because SlumberPod

indicates that SlumberPod does not intend to offer Exhibit 3036 for the truth of the matters asserted, the Court will consider an appropriate limiting instruction to the jury.

Keezio similarly objects to Exhibits 3047 and 3048 under Rule 37(c)(1), Rules 801 and 802, and Rule 901, contending that the materials were not timely produced, constitute hearsay, and lack foundation or authentication.

SlumberPod argues that, as to Exhibits 3047 and 3048, any alleged nondisclosure was harmless because the materials derive from or concern Keezio's own DayDreamer video and were within Keezio's knowledge and possession. SlumberPod argues that they are admissible under Rule 801(d)(2) and can be authenticated through Keezio's witnesses and other evidence establishing their source and contents.

The Court **OVERRULES** Keezio's objection based on the failure to produce Exhibit 3048 (Keezio's DayDreamer video) during discovery. Based on the record presented, this is Keezio's own video. The Court **SUSTAINS** Keezio's objection to Exhibit 3047 because SlumberPod has not demonstrated how this photograph was known to Keezio during discovery.

The Court **DEFERS** resolution of Keezio's lack of foundation, authentication, and hearsay objections to Exhibit 3048 until trial. At this time, Exhibit 3048 is **NOT** preadmitted. As SlumberPod admits, resolution of these objections depends on laying foundation and establishing authenticity at trial. Further, admissibility of this exhibit depends on establishing proper foundation that the requirements of Rule 801(d)(2) are satisfied at trial.

## IX. EXPERT QUALIFICATIONS AND EXPERT-RELATED MATERIALS

This category consists of Mark Gallagher's CV (Exhibit 3045), Kimberly Cameron's CV (Exhibit 3046), Mr. Gallagher's damages workbook (Exhibit 3049), figures from Dr. Cameron's expert and rebuttal reports (Exhibits 3050 and 3051), Dr. Cameron's expert and rebuttal reports (Exhibits 3076 and 3077), and Mr. Gallagher's expert report (Exhibit 3078).

Keezio objects to Exhibits 3045 and 3046 under Rules 801 and 802 as out-of-court statements offered to prove the experts' qualifications. SlumberPod responds that Exhibits 3045 and 3046 are relevant to Mr. Gallagher's and Dr. Cameron's qualifications and can be authenticated

through their live testimony.

The Court **SUSTAINS** Keezio's hearsay objection to Exhibits 3045 and 3046. SlumberPod's response does not address hearsay at all, and only addresses relevance and authenticity – which are not the grounds for objection.

Three of the proffered exhibits (Exhibits 3076, 3077, and 3078) are the entirety of three expert reports. Keezio objects to Exhibits 3076, 3077, and 3078 under Rules 801 and 802 and Rules 402 and 403, contending that written expert materials are hearsay and that admitting them in addition to the experts' live testimony would be cumulative or confusing. Keezio also asserts Rule 37(c)(1) disclosure objections to Exhibits 3077 and 3078.

SlumberPod responds that Exhibits 3076 and 3077 contain Dr. Cameron's disclosed expert and rebuttal opinions and may be used in connection with her live testimony. SlumberPod contends that Keezio's disclosure objection to Exhibit 3077 goes to scope rather than admissibility. Exhibit 3078 contains Mr. Gallagher's disclosed damages opinions and may be used in connection with his live testimony; Keezio's disclosure objections to those opinions are addressed in its pending Motion in Limine No. 1.

The Court **SUSTAINS** Keezio's hearsay objections to Exhibits 3076, 3077, and 3078. Expert reports are inadmissible hearsay unless some exception applies (and no hearsay exceptions have been argued here). *Hunt v. City of Portland*, 599 Fed. Appx. 620, 621 (9th Cir. 2013) ("With respect to the expert's written report, we conclude that the report is hearsay to which no hearsay exception applies."). SlumberPod cites no law to support the proposition that hearsay "may be used in connection with . . . live testimony" and there is no such hearsay exception.

Keezio objects to Exhibits 3049, 3050, and 3051under Rules 801 and 802 and Rules 402 and 403, contending that written expert materials are hearsay and that admitting them in addition to the experts' live testimony would be cumulative or confusing. Keezio also asserts Rule 37(c)(1) disclosure objections to Exhibits 3049 and 3051 and Patent Local Rule 3-8 objections to Mr. Gallagher's materials.

SlumberPod responds that Exhibit 3049 reflects Mr. Gallagher's disclosed damages

calculations and may be used in connection with his live testimony; Keezio's disclosure objections concerning those opinions are addressed in its pending Motion in Limine No. 1. Exhibits 3050 and 3051 illustrate Dr. Cameron's disclosed opinions and rebuttal opinions and may likewise be used in connection with her live testimony; Keezio's disclosure objection to Exhibit 3051 concerns the scope of her disclosed rebuttal opinions rather than the admissibility of the figures themselves.

Exhibit 3049 is a compilation of charts, apparently created by Mr. Gallagher, in connection with his damages opinion. To the extent the objections here mirror Keezio's Motion in Limine No. 1, the Court incorporates by reference the Court's Order on that MIL. Further, the Court **SUSTAINS** Keezio's hearsay objection to Exhibit 3049. A chart drafted by an expert is typically presented in connection with an expert report and such expert-drafted charts are inadmissible hearsay unless some exception applies (and no hearsay exceptions have been argued here). *Hunt*, 599 Fed. Appx. at 621 ("With respect to the expert's written report, we conclude that the report is hearsay to which no hearsay exception applies."). SlumberPod cites no law to support the proposition that hearsay "may be used in connection with . . . live testimony" and there is no such hearsay exception. This ruling is without prejudice to SlumberPod offering to use Exhibit 3049 as a demonstrative with Mr. Gallagher at trial and without prejudice to offering Exhibit 3049 as a summary chart under Rule 1006, subject to any objections raised at that time (to the extent not already resolved by the Order on Keezio's MIL No. 1).

Exhibits 3050 and 3051 are aggregations of what appear to be unrelated separate documents, including annotated figures, photographs, screenshots or excerpts from Amazon pages. As presented to the Court, Exhibits 3050 and 3051 are not admissible and **SHALL NOT** be offered into evidence at trial in their current format. Assuming that these are aggregations of otherwise unrelated documents, they are improperly combined and risk jury confusion under Rule 403. The admissibility of each of the individual figures, photographs, and screenshots must be determined on a document by document basis. SlumberPod is **ORDERED** to disaggregate these exhibits into their respective individual documents and separately number them as individual exhibits. SlumberPod **SHALL** correct these exhibits and resubmit them, along with an updated Party Exhibit List with the

new exhibit numbers, within three (3) days of this Order. Keezio **SHALL** serve any objections to these corrected exhibits within three (3) days of service of the corrected exhibits and updated Exhibit List. The Parties **SHALL** promptly meet and confer regarding any of the objections, regarding whether any of the corrected exhibits are agreed upon as Joint Exhibits, and regarding whether any of the corrected exhibits are withdrawn. The Parties **SHALL** file an updated Joint Exhibit List (to the extent any corrected exhibits are agreed upon) and updated Party Exhibit List, along with a Further Joint Notice of Outstanding Objections for these corrected exhibits within three (3) days of service of SlumberPod's objections to these corrected exhibits. Failure of each Party to meet its respective deadlines may result in either a prohibition of offering any of these corrected exhibits at trial or a waiver of objections to any of these corrected exhibits.

Further, the Court notes that portions of Exhibits 3050 and 3051 appear to be figures or photographs with annotations added both in the margins and in the figures (*e.g.*, descriptive/argumentative captions and text). Any such annotations or additions do not appear to be from the original figures or original photographs themselves and do not appear to be evidence under Rule 401, but rather appear to have been added either by counsel or an expert witness (or some other unidentified persons). As such, these altered pages from Exhibits 3050 and 3051 as presented are not admissible in this form and such annotated exhibits **SHALL NOT** be offered into evidence.

## X. INDUSTRY PRAISE AND OBJECTIVE INDICIA OF NONOBVIOUSNESS

Exhibit 3069 is a news article concerning SlumberPod's business.

Keezio objects under Rules 801 and 802 on the grounds that the article is an out-of-court statement and constitutes inadmissible hearsay if offered for the truth of the matters asserted. SlumberPod responds that the article is relevant to industry praise and objective indicia of nonobviousness and is not offered for the truth of the matters asserted.

Keezio's hearsay objection is **OVERRULED**. Exhibit 3069 is preadmitted. Because SlumberPod indicates that SlumberPod does not intend to offer Exhibit 3069 for the truth of the matters asserted, the Court will consider an appropriate limiting instruction to the jury.

## XI. OWNERSHIP AND ACQUISITION EVIDENCE

Exhibit 3072 is the Dovetail Assignment concerning the SlumberPod product and associated intellectual property.

Keezio objects under Rules 402 and 403, contending that Dovetail is not a party to this action and that its assignment to SlumberPod is irrelevant to the claims at issue. SlumberPod contends that the Dovetail Assignment is relevant to SlumberPod's acquisition and ownership of the SlumberPod product and associated intellectual property.

Keezio's relevance objections are **OVERRULED**. Exhibit 3072 is preadmitted.

**[TENTATIVE] IT IS SO ORDERED.**

Dated: September __, 2026

PETER H. KANG
United States Magistrate Judge



United States District Court
Northern District of California