United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

SLUMBERPOD, LLC,

Plaintiff,

v.

KEEZIO GROUP,

Defendant.

Case No. 23-cv-06288-PHK

**MEMORANDUM AND ORDER RE GRANTING MOTION TO REALIGN THE PARTIES FOR TRIAL**

Re: Dkt. 175

## INTRODUCTION

Keezio was the party which initiated this lawsuit and was the named plaintiff during the pretrial stages of the case. SlumberPod asserted counterclaims against Keezio. As a result of pretrial rulings in this case, the only causes of action remaining for trial are SlumberPod's patent counterclaims against Keezio. As part of the pretrial preparation process, on August 3 and 4, 2026, the Parties filed briefs setting forth their positions on whether the parties should be realigned for purposes of presentation at trial. [Dkts. 158-159]. The Parties requested the Court resolve this issue in their Pretrial Readiness Statements filed on August 19, 2026. [Dkts. 170-171].

On August 29, 2026, the Court issued a Text Order **GRANTING** SlumberPod's motion to realign the Parties to reflect the fact that only SlumberPod's counterclaims remain for trial. [Dkt. 175]. In that Text Order, the Court noted that "[a] more detailed Order will issue in due course." *Id.* Accordingly, the Court thus issues the present Order to provide a more thorough explanation and analysis of its decision to realign the Parties.

## DISCUSSION

In a typical patent case, a patentee sues an alleged infringer, and the patentee is therefore the

plaintiff. But where a patentee alleges infringement without filing suit, the accused party may in some instances initiate a declaratory action to clarify its legal rights. *See Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed. Cir. 1987). In that instance, the alleged infringer is the plaintiff instead of the patentee. This case started in that fashion: after SlumberPod accused Keezio's product of infringing the asserted patents, Keezio filed suit seeking "a judicial declaration as to the parties' rights and obligations relative to the conflicting claims asserted in this action[.]" [Dkt. 1 at 14]. With Keezio's Plaintiff status comes the presumptive ability to proceed first at trial. *See Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. 03-CV-01431, 2006 WL 1646110, at *1 (N.D. Cal. June 12, 2006) ("Fresenius is the plaintiff and is entitled to proceed first in all phases of the case."). Because SlumberPod wants to proceed first at trial, it has sought a ruling from this Court to realign the Parties so that SlumberPod will become named Plaintiff and original Plaintiff Keezio will become named Defendant.

"Realignment of the parties is within the Court's discretion." *MySpace, Inc. v. Graphon Corp.*, 732 F. Supp. 2d 915, 916 (N.D. Cal. 2010) (first citing *Fresenius*, 2006 WL 1646110, at *1; further citing *Plumtree Software, Inc. v. Datamize*, No. 02-CV-5693, 2003 WL 25841157, at *5 (N.D. Cal. Oct. 6, 2003)). The Court exercises that discretion to realign the parties for the reasons discussed herein.

First, the Court's priority at trial is to ensure the clearest possible presentation of the issues in this case to the jury. "[R]ealignment will make the burdens and the evidence in a factually complex case simpler for the jury to follow. It will be easier for a jury to understand this as an infringement case with an invalidity defense than as an invalidity case with infringement counterclaims." *BioNTech SE v. CureVac SE*, No. 2:23-CV-222, 2025 WL 77391, at *2 (E.D. Va. Jan. 10, 2025). Courts have recognized "the common-sense rule that where a plaintiff seeks declaratory relief that it is *not liable* and the defendant counterclaims that plaintiff *is liable*, it is more logical to realign the parties so that the defendant becomes the plaintiff." *Kerr Corp. v. N. Am. Dental Wholesalers, Inc.*, 2011 WL 4965111, at *3 (C.D. Cal. Oct. 18, 2011) (emphasis in original); *see also Allegro Ventures, Inc. v. Almquist*, 2013 WL 3864329, at *1 (S.D. Cal. July 24, 2013). For that reason, both the Federal Judicial Center and the former Chief Judge of the Federal

Circuit have suggested that patentees should proceed first at trial, even in declaratory judgment actions initiated by alleged infringers. *See* Peter S. Menell, et al., *Patent Case Management Judicial Guide* (3d Ed. 2016) at § 8.1.2.2.2.1 p. 8-14, *available at* https://www.fjc.gov/sites/default/files/2017/PCMJG3d_2016_final.pdf; Howard T. Markey, *On Simplifying Patent Trials*, 116 F.R.D. 369, 373 n.7, 378 (1987).

Second, because Keezio no longer asserts any affirmative claims for relief against SlumberPod, the "primary purpose" of this litigation is to adjudicate SlumberPod's patent claims, and SlumberPod is the "natural plaintiff" as the Party that bears the burden of proof on those claims at trial. *Plumtree*, 2003 WL 25841157, at * 3–4. That Keezio bears the burden of proof on its invalidity claim—which is typically asserted as a defense to infringement, *see* 35 U.S.C. § 282, and would likely be mooted by a finding of noninfringement, *see Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1345–46 (Fed. Cir. 2007)—does not alter the analysis, *see Plumtree*, 2003 WL 25841157, at *3.

Keezio's reliance on *Fresenius Medical* is not persuasive because that case is distinguishable. *See* Dkt. 158 at 2 (citing *Fresenius Med.*, 2006 WL 1646110, at *1). In *Fresenius*, the Court had already issued a summary judgment ruling finding infringement of claims of two of the asserted patents. For that reason, the *Fresenius* holding relied on the fact that, given the status of those parties in light of the pretrial infringement ruling, invalidity of the patent claims was the "heart" of the case. *Id.* at *2. Here, unlike in *Fresenius*¸ there is no pretrial summary judgment ruling of infringement. Accordingly, the factors that led to the denial of realignment in *Fresenius* are lacking here.

Accordingly, for all the reasons discussed herein, and in the full exercise of the Court's discretion under all applicable legal principles, SlumberPod's motion to realign the parties is **GRANTED**. The Court **ORDERS** that the Parties **SHALL** be realigned for trial, so that SlumberPod proceeds named as Plaintiff at trial on its patent assertion causes of action, and Keezio proceeds named as Defendant at trial. *See Alpha and Omega Semiconductor Ltd. v. Force MOS Tech. Co., Ltd.*, -- F. Supp. 3d --, 2026 WL 2161197, at *1 (N.D. Cal. July 27, 2026) (granting motion to realign Parties "to ensure the clearest possible presentation of the issues in this case to the

jury").

**IT IS SO ORDERED.**

Dated: October 13, 2026

PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California